LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
BENJAMIN A. HERBERT (State Bar No. 277356)
bherbert@millerbarondess.com
DOMINIC J. NUNNERI (State Bar No. 300465)
dnunneri@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Plaintiff
PRAY, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PRAY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN CARE MINISTRY, INC., d/b/a MEDI-SHARE, a Delaware corporation; BRANDON HARVATH, an individual; and EVELIO SILVERA, an individual,<br><br>Defendants. | **CASE NO. 2:23-cv-10660-SB-JC**<br><br>**STIPULATION REGARDING PRODUCTION OF ELECTRONICALLY STORED INFORMATION**<br><br>**DISCOVERY MATTER**<br><br>Assigned to the Hon. Stanley Blumenfeld, Jr. and Magistrate Judge Hon. Jacqueline Chooljian |

674277.1

The Parties to the above-captioned action HEREBY STIPULATE AND AGREE, by and through their undersigned counsel, that the following specifications shall govern discovery of all documents, electronically stored information ("ESI"), and any other materials and information produced by the Parties during discovery in the above-captioned action.

## I.   General Provisions

1. The Parties shall take reasonable steps to comply with the procedures set forth in this Stipulation.

2. To the extent reasonably practicable, the production of documents shall be conducted to maximize efficient and quick access to documents and minimize related discovery costs. The terms of this Stipulation shall be construed so as to ensure the prompt, efficient, and cost-effective exchange of information consistent with the Federal Code of Civil Procedure and any orders by this Court.

3. Except as specifically limited herein, this Stipulation governs the production of discoverable documents by the Parties and third parties to the litigation. In the event of transfer to other courts, this Stipulation will remain in effect in all respects, until adopted by the transferee court or replaced by a successor agreement.

4. This Stipulation shall not enlarge, reduce, or otherwise affect the scope of discovery in this litigation as imposed by the Federal Rules of Civil Procedure and any orders by this Court, nor imply that discovery produced under the terms of this Stipulation is properly discoverable, relevant, or admissible in this or in any other litigation.

5. Subject to this Stipulation, the Parties' objections and responses to written discovery including requests for production of documents and interrogatories, and any Stipulated Protective Order entered into in this matter, documents that are responsive to discovery requests and not designated as "privileged" shall be produced in the manner provided herein. Nothing in this

1  Stipulation shall be interpreted to require disclosure of materials that a Party
2  contends are not discoverable or are protected from disclosure by the attorney-client
3  privilege, the attorney work product doctrine, or any other privilege that may be
4  applicable.  Additionally, nothing in this Stipulation shall be deemed to waive or
5  limit any Party's right to object to the production of certain electronically stored
6  information, or to move for an appropriate order pursuant to the Federal Rules of
7  Civil Procedure on the ground that the sources are not reasonably accessible because
8  of undue burden or cost or on the ground that there is good cause for the documents'
9  production.

10        6.     The Parties agree to alert all other Parties concerning any technical
11  problems associated with complying with this Stipulation.  To the extent compliance
12  with this Stipulation imposes an undue burden with respect to any protocol, source,
13  or search term listed herein, the Parties shall promptly confer in an effort to resolve
14  the issue.

15        7.     Consistent with their obligations under applicable Federal Rules of
16  Civil Procedure, the Parties will attempt to resolve disputes regarding the issues set
17  forth herein prior to filing a motion with the Court, or otherwise seeking relief.  If
18  the Parties are unable to resolve the dispute after a good faith effort, the Parties may
19  seek Court intervention in accordance with the Court's procedures.

20        8.     The term "ESI" refers to any electronically stored information covered
21  by Federal Rule of Civil Procedure 34 in the possession, custody, or control of the
22  Parties that are e-mail or active-user files, including, but not limited to, e-mail, text
23  messages, iMessages, SMS messages, word-processing documents, spreadsheets,
24  electronic slide presentations, databases, and other reasonably accessible ESI
25  reasonably anticipated to be subject to discovery pursuant to the Federal Rules of
26  Civil Procedure.

27      ///

28

## II. General Format of Productions

The Parties agree to produce hardcopy and electronic documents either (i) as electronic images with associated text files, metadata, and objective coding or (ii) in native format, as further described herein.

9. **Hardcopies**. The Parties agree to produce hard-copy documents as image files with related OCR text to the extent such documents are converted into electronic format. At this time each party contemplates converting all hard-copy documents into electronic images for production purposes and agrees to address any exceptions with the other Parties. The Parties shall meet and confer to discuss documents that present imaging or formatting problems. To the extent exceptions to the foregoing are required, the Parties will meet and confer to discuss alternative production requirements, concerns, or formats.

   a. **TIFF Imaging**. Hardcopy documents shall be produced as single-page, black-and-white, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). If color images are available, and color is required for understanding and clarity of the images, color images shall be produced. Those color images shall be produced as single-page JPEG files. Documents may also be produced as multi-page PDF files with full color replication.

   b. **Fields**. The database load file for hardcopy documents should contain, at minimum, the following fields to the extent captured at the time of collection: "BEGBATES," "ENDBATES," "BEGATTACH," "ENDATTACH," "PAGECOUNT" and, if available, "ALLCUSTODIANS" information.

10. **Duplicates**. Where more than one identical copy of an electronic document exists (i.e., the documents have the same MD5 hash values[1]), the Parties

---

[1] MD5 or SHA-1 hash values on emails shall be calculated using industry standard best practices and e-discovery software based on concatenated metadata values such as: to, from, cc, bcc, date and time sent, attachment count, attachment names, email subject, full body of the email.

need only produce a single copy of that document (but may produce duplicates if less burdensome).  In such cases, the Parties will provide metadata for that document which identifies every custodian from whom that document was collected as of the date of production.  If a duplicate document exists that is part of a document family, the duplicate will only be removed, pursuant to the terms of this paragraph, if the entire family consists of duplicates, i.e. a single document will not be removed from a family even if it is a duplicate.

      a.     E-mail attachments will not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates, in which case the entire duplicate e-mail family may be eliminated.  An e-mail that includes content in the BCC or other blind copy field should not be treated as a duplicate of an e-mail that does not include content in those fields, even if all remaining content in the e-mail is identical.  De-duplication, if done, should be done across the entire collection (i.e., global level) and the ALLCUSTODIANS field should list each Custodian, separated by a semicolon, who was a source of that document. Wherever possible, fields will include values for the records for each custodian, such as in the FILEPATH field.

      b.     Each party, in good faith, may request from a producing party an electronic copy of a document removed from a production through de-duplication. The producing party will provide the electronic copy of the de-duplicated document to all parties within 15 days of such a request.  Formatting and production of the requested document will comply with all of the provisions of this agreement.

    11.    Email Threading. In order to reduce the volume of entirely duplicative content within email threads, the Parties may utilize threading or "email thread suppression."  As used in this Order, email thread suppression means employing commercially acceptable methods to reduce production of duplicative email threads by producing only the inclusive email messages and their attachments from each email thread.

12. **Bates Numbering**. The Parties agree to produce imaged documents with a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable), redactions (consistent with any Stipulated Protective Order entered in this matter, or any other protective orders agreed to in the future), and the Bates Number identified above. Any confidential legend shall be "burned" onto the document's image at a location that does not obliterate, conceal, or interfere with any information from the source document.

## III. Production Formats – Electronically Stored Information

The Parties agree to produce Electronically Stored Information ("ESI"), with the exception of inaccessible storage media, as described below.

13. **TIFF Format**. ESI shall be produced as single-page, black-and-white, Group IV, 300 DPI TIFF images except as provided herein. Color images shall be produced as single-page JPEG files. Documents may also be produced as multi-page PDF files with full color replication.

14. **ESI Date and Time Processing**. Each Party's ESI shall be processed displaying the time zone where the document originated, as required under Paragraph 15, and example shown on Table 1.

15. **Metadata**. All ESI shall be produced with a delimited database load file in .dat format that contains the metadata fields listed in Table 1 hereto. An .opt image cross-reference file should also be provided for all images.

   a. All images generated from native electronic documents, with the exception of source code, dynamic web pages, and web content, shall be saved electronically (or "imaged") in a manner that reflects the full and complete information contained on the original document. Imaged files shall show any and all text and images which would be visible to the reader using the native software

that created the document. Images of e-mail messages shall include the BCC line.

b. The producing party may produce in native format any document for which an image cannot be accurately or efficiently created, including documents of non-standard dimension, orientation, resolution or technical content.

16. **Parent-Child Relationships.** Parent-child relationships must be preserved if reasonably possible. For example, electronic documents attached to an email must be produced contemporaneously and sequentially, *i.e.*, immediately after the parent document and if a Party produces a document with attachments, appendices, or indices, those associated "child" documents must be produced behind the parent document. Further, any .dat file prepared in connection with any production shall indicate parent-child relationships.

17. **Text Files**. For each document, a single text file shall be provided along with the image files and metadata. The text file name shall be the same as the Bates number of the first page of the document. Electronic text must be extracted directly from the native electronic file unless the document was redacted, an image file, or a physical file. In these instances, a text file shall be created using OCR and shall be produced in lieu of extracted text. Under no circumstances shall the receiving party be required to rely upon a less accurate version of the text than the producing party. For example, if the producing party has access to extracted text from electronic document files, the receiving party shall receive extracted text as well, instead of OCR text generated from an image file.

18. **Excel Files**. Excel files shall be produced in native format with related searchable text, metadata (to the extent it exists) and bibliographic information. Where a party redacts a portion of an Excel spreadsheet, a redacted Excel file may be produced, or the Parties will meet and confer regarding production of the document in TIFF, JPEG, or PDF format.

19. **PowerPoint**. PowerPoint documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide

and the speaker's notes on the image.  Color originals shall be produced in color.

20. **Hidden Text**. ESI shall be processed and produced in a manner that preserves and displays hidden columns or rows, hidden text or worksheets, tracked changes, redlines, and comments.

21. **Chats, and Instant Messenger Conversations.** To the extent chats and instant messenger conversations (collectively, "Chats") are: (a) discoverable; (b) proportionate; and (c) responsive to discovery requests that are neither cumulative nor duplicative, Chats will be produced in PDF, TIFF, or JPEG format similar to all other ESI, or another reasonably usable form agreed upon by the Parties, with all reasonably accessible associated metadata reflecting, at minimum, the custodian for the Chat, participants to the Chat conversation, and associated date information.

22. **Text Messages, iMessages, and SMS Messages.** Text, iMessages, and/or SMS messages must be produced in chains that are reasonably divided by time, such that a single production of a chain does not become overly voluminous. 24-hour increments are a presumptively reasonable way to break up text message chains.

23. **Audio and Video Files.** Audio and video files (collectively, "Media Files") must be produced in a reasonably usable form as may be agreed upon by the Parties to the extent the content of any such Media Files is discoverable and responsive to a discovery request, or otherwise relevant to this action. Production in a native form is presumptively reasonably usable.

24. **Requests for Native Format**. The Parties shall discuss reasonable requests for production in native format on a document-by-document or category-by-category basis. If a document is produced in native format, a single-page Bates-stamped slip-sheet containing the confidentiality designation and text stating the document has been produced in native format shall also be provided.  If documents requested in native format require redactions, the Parties should meet and confer regarding how to implement redactions while ensuring that proper formatting and

usability are maintained. Each native file shall be named according to the Bates number it has been assigned, and shall be linked directly to its corresponding record in the load file using the NATIVEPATH field.

25. **Inaccessible Storage Media**. The Parties shall take reasonable steps to collect potentially relevant ESI stored on servers, work stations, readily accessible drives and online and/or electronic accounts over which the Parties maintain control. The Parties shall discuss sources of potentially relevant information deemed "not reasonably accessible." Where a Party seeks production of information from media sources designated by another party as "not reasonably accessible," the Parties shall meet and confer in an effort to resolve any disagreements before seeking relief from the Court.

26. **Redactions**. Parties agree that ESI and paper documents may need to be redacted. To the extent that a responsive document contains nonresponsive information, or information that is commercially sensitive or proprietary, private or personally identifying, privileged or otherwise protected against disclosure, the producing Party may produce that document in redacted form. Each page of the document from which information is redacted shall bear a designation that it has been redacted.

**IV. Production Format - Databases**

27. To the extent a response to a discovery request requires production of discoverable electronic information contained in a database, or other data store containing structured or aggregated data, the Parties will meet and confer to discuss the most appropriate and cost-effective production format, which may include an export of data.

**V. Production Format - Media**

28. Documents shall be exchanged on USB drives, portable hard drives, or through secure file transfer protocols (e.g., FTP) or similar secure electronic transmission. The production media shall be labeled with the Volume Number

along with the Bates Number range(s) of the materials, and where not practicable to do so, may be provided in an accompanying letter.  If a Party producing the materials ("Producing Party") encrypts or "locks" the production, the Producing Party shall send, under separate cover, the accompanying password and an explanation of how to decrypt the files.

29. Image files (e.g., .jpg, .jpeg, .gif, .bmp), video files (e.g., .wma, .mov, .mpg, .wmv, .avi, .asf), and computer animation files (e.g., .avi, .gif, .mpg, .gif, .mpg, .mpeg, .wmv), shall be produced in color where color is present in the native file.

## VI. Identification and Collection of Documents; Search Methodology

30. The Parties recognize and agree that each Party may use one or more search methodologies to collect, review, and produce relevant and responsive, non-privileged documents and ESI and undertake reasonable efforts to locate discoverable information. There are many valid ways to search for and retrieve ESI, and the Parties agree that absent a showing of specific need and good cause, the Producing Party is best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own ESI. Each Producing Party shall design and implement the methods it uses to identify, cull, and review its potentially responsive ESI based on its knowledge and understanding of its own data, the facts and issues involved in the lawsuit, and the Requesting Party's discovery requests. A Producing Party may apply search terms to appropriate sources and may also conduct a targeted collection of sources likely to contain responsive materials (e.g., file folders on a given hard drive).

The Parties expect to employ one or more search methodologies in order to reduce discovery burdens, including possibly but without limitation the use of search terms, technology-assisted review, statistical-based sampling, and other advanced search and retrieval technologies to identify potentially relevant ESI, including email.  All meet-and-confer sessions regarding search methodologies will give appropriate

consideration to minimizing expense and the producing Party's ability to best evaluate and determine appropriate procedures, methodologies, and technologies for preserving, collecting, and producing ESI and other documents.

## VII. Processing of Third-Party Documents

30. A Party that issues a non-party subpoena (the "Issuing Party") must include a copy of this Order with the subpoena and request that the non-party produce documents in accordance with the specifications set forth herein. Non-parties, however, are not bound by this Order.

31. The Issuing Party is responsible for producing any documents obtained pursuant to a non-party subpoena to all other Parties, but the Issuing Party need not convert the documents into any format other than the format produced by the non-party.

32. If the non-party production is not Bates-stamped, the Issuing Party will brand the non-party production images with unique prefixes and Bates numbers, or otherwise identify Native Files before producing them to the other parties, per the technical specifications outlined in this Order's Protocol.

33. Nothing in this Order is intended to, or may be interpreted as, narrowing, expanding, or otherwise affecting either the rights of the Parties or of any non-parties to object to a subpoena.

## VIII. Privilege and Privilege Logs

34. **Communications Related to Litigation**. The Parties agree that communications on or after December 20, 2023, between and among the Parties' employees, agents, officers, directors, and representatives and the Parties' in-house and/or outside legal counsel, at any retained law firm, relating to this litigation; work product of in-house and outside counsel; internal communications within any law firm; and any communications between and among counsel for the Parties at any retained law firm need not be included on a privilege log.

35. **Log Format**. The Parties agree that, for documents withheld from production on the basis of attorney-client privilege, work product doctrine and/or any other applicable privilege, the Producing Party will prepare a summary log containing, for each document claimed as privileged. When there is a chain of privileged e-mails, the Producing Party need only include one entry on the privilege log for the entire e-mail chain, and need not log each e-mail message contained in the chain separately. In this circumstance, redacted documents from the chain need not be logged as long as (a) for e-mails, the bibliographic information is not redacted and (b) for non-e-mail documents, the redaction is noted on the TIFF image. Privilege logs shall contain the following information:

- File Type
- All Custodians
- Date (last modified or sent)
- From or Author (for non-emails)
- Recipients (including CC and BCC recipients)
- Privilege Claim
- Description

**Additional Information**. If the requesting party requires further information relating to a document withheld on the basis of privilege, it shall explain in writing the need for such information and identify, by unique identifier, each document for which it seeks this information. Within thirty (30) days of such a request, the withholding Party must either (i) provide additional information to support the claimed privilege or (ii) challenge the request via written notice. In the event a Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution prior to the filing of any motion with the Court regarding such a challenge.

///

## IX. Production of Privileged or Otherwise Protected Material

36. The production of any discovery material by any party, whether inadvertent or not, shall be without prejudice to any subsequent claim by the Producing Party that such discovery material is privileged or attorney-work product, and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the court, or in any other circumstance or proceeding of any nature. This paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502d.

    a. When a Producing Party gives notice to Parties receiving the production ("Receiving Parties") that certain produced material is subject to a claim of privilege or other protection, the obligations set forth in Federal Rule of Civil Procedure 26(b)(5)(B) shall apply.

    b. If a Receiving Party discovers material that it reasonably believes to be subject to the Producing Party's claim of privilege or other protection and where it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party shall immediately notify counsel for the Producing Party of that discovery. In the event the Producing Party asserts a claim of privilege or other protection over such discovery materials, the Receiving Party shall return or destroy all copies of such material to the Producing Party within five (5) business days of the notice, except that the Receiving Party may retain a copy for purposes of presenting the material to the court conditionally under seal for a determination of the claim.

## X. Good Faith

37. The Parties shall make their best efforts to comply with and resolve any differences concerning compliance with this Stipulation. If, in response to a request from a Party for the production of documents ("Requesting Party"), a Producing Party cannot comply with any material aspect of this Stipulation, such Party shall inform the Requesting Party as to why compliance with the Stipulation was

unreasonable or not possible. No Party may seek relief from the Court concerning compliance with the Stipulation unless it has conferred with other affected Parties to the action.

**XI.  No Effect on Discovery or Admissibility**

38. This Stipulation does not address, limit, or determine the relevance, discoverability, agreement to produce, or admissibility of ESI.  Nothing in this Stipulation shall be construed to affect the admissibility of any document or data. All objections to the admissibility of any document or data are preserved and may be asserted at any time.

**IT IS SO STIPULATED.**

| | | |
|---|---|---|
| DATED: May 1, 2024 | | MILLER BARONDESS, LLP |

By: _____/s/ Benjamin A. Herbert_____
BENJAMIN A. HERBERT
Attorneys for Plaintiff
PRAY, INC.

DATED: May 1, 2024    SHOOK HARDY and BACON LLP

By: _____/s/ Michael L. Mallow_____
MICHAEL L. MALLOW
Attorneys for Defendant
CHRISTIAN CARE MINISTRY, INC.

DATED: May 1, 2024    CROWELL AND MORING LLP

By: _____/s/ Valerie M. Goo_____
VALERIE M. GOO
Attorneys for Defendant
BRANDON HARVATH

DATED: May 1, 2024    BOIES SCHILLER FLEXNER LLP

By: _____/s/ Jesse Panuccio_____
JESSE PANUCCIO
Attorneys for Defendant
EVELIO SILVERA

## TABLE 1: METADATA FIELDS

| Field Name | Example/Format | Description |
|---|---|---|
| BEGBATES | EDC0000001 | The Bates number associated with the first page of a document. |
| ENDBATES | EDC0000002 | The Bates number associated with the last page of a document. |
| BEGATTACH | EDC0000001 | The Bates number associated with the first page of a parent document. |
| ENDATTACH | EDC0000015 | The Bates number associated with the last page of the last attachment in a document family. |
| CONFIDENTIALITY | CONFIDENTIAL | The confidentiality designation assigned to the document, if any. |
| PAGECOUNT | 3 | The number of pages in a document. |
| FILESIZE | 426326 | The size of the document, in bytes. |
| SENTDATE | MM/DD/YYYY | The date the email was sent. |
| SENTTIME | HH:MM | The time the email was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the email was received. |
| RECEIVEDTIME | HH:MM | The time the email was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created.<br><br>*The parties acknowledge that the CREATEDATE field may not actually reflect the date the file was created, due to the ease of change to that field and the technical definition of the field.  Parties will make reasonable efforts to provide an accurate CREATEDATE wherever possible. |

| **Field Name** | **Example/Format** | **Description** |
|---|---|---|
| CREATETIME | HH:MM | The time the document was created.<br><br>*The parties acknowledge that the CREATETIME field may not actually reflect the time the file was created, due to the ease of change to that field and the technical definition of the field. Parties will make reasonable efforts to provide an accurate CREATETIME wherever possible. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| LASTMODBY | Jane Smith | The last known modifier or author of a document. |
| AUTHOR | jsmith | The author of a document from extracted metadata.<br><br>*The parties acknowledge that the AUTHOR field may not actually reflect the author of the document, and may not be populated for all documents. Parties will make reasonable efforts to provide an accurate AUTHOR wherever possible. |
| FROM | Joe Smith <jsmith@email.com> | The display name and/or e-mail address of the sender of an e-mail. |
| TO | Joe Smith <jsmith@email.com>; tjones@gmail.com | The display name and/or e-mail address(es) of the recipient(s) of an e-mail. |
| CC | Joe Smith <jsmith@email.com>; tjones@gmail.com | The display name and/or e-mail address(es) of individuals cc'd on an e-mail. |
| BCC | Joe Smith <jsmith@email.com>; tjones@gmail.com | The display name and/or e-mail address(es) of individuals bcc'd on an e-mail. |
| SUBJECT | | The subject line of the e-mail. |

| Field Name | Example/Format | Description |
|---|---|---|
| TITLE | | The extracted document title of a document. |
| ALLCUSTODIANS | Smith, Joe; Jane Doe | All of the custodians / sources of a document from which the document originated, separated by semicolons. |
| FILEEXT | .MSG | The file extension of a document. |
| FILENAMES | Smith_Joe\Document Name.xls; Alternate Filename.xls | The file name of a document; includes values of deduplicated records; multiple values separated by semicolon. |
| FILEPATHS | Smith_Joe\C:\Users\My Documents\Work\Project Alpha; Jones_David\D:\Fall 2012 Archive\Project Archives\ | Path(s) on a drive or network to the file's original location; includes values of deduplicated records; multiple values separated by semicolon; includes all available metadata related to email containers and/or folders; paths to be preceded by source or custodian value where possible. |
| HAS REDACTIONS | YES/NO | This field indicates whether document content has been redacted. |
| HASH | | The MD5 or SHA-1 hash value or "deduplication key" assigned to a document. |
| NATIVEPATH | D:\VOL001\NATIVES\EDC0000001.xls | The full path to a native copy of a document. |
| TEXTPATH | D:\VOL001\TEXT\EDC0000001.txt | The path to the full extracted text or OCR of the document. There should be a folder on the deliverable containing a separate text file for each document. The text files should be named with their corresponding Bates numbers. |
| TIME ZONE | PST or EST | The time zone where the document originated. |

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2600, Los Angeles, CA 90067.

On May 16, 2024, I served true copies of the following document(s) described as:

**STIPULATION REGARDING PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 16, 2024, at Los Angeles, California.

Tahira Murphy

**SERVICE LIST**
*Pray, Inc. v. Christian Care Ministry, Inc., et al.*
**Case No. 2:23-cv-10660-SB-JC**

| | |
|---|---|
| Michael L. Mallow<br>Scott Michelman<br>Gabe Spooner<br>Laurel Scott<br>Shook Hardy and Bacon LLP<br>2049 Century Park East, Suite 3000<br>Los Angeles, CA 90067<br>mmallow@shb.com<br>mmichelman@shb.com<br>gspooner@shb.com<br>lascott@shb.com | Attorneys for<br>*Christian Care Ministry Inc.* |
| Valerie M. Goo<br>Crowell and Moring LLP<br>515 South Flower Street, 40th Floor<br>Los Angeles, CA 90071<br>vgoo@crowell.com | Attorneys for<br>*Brandon Harvath* |
| Kenneth Ray Taketa<br>Crowell and Moring LLP<br>515 South Flower Street 40th Floor<br>Los Angeles, CA 90071<br>ktaketa@crowell.com | |
| M. Logan Wright<br>Melissa Zonne<br>Boies Schiller Flexner LLP<br>2029 Century Park East, Suite 1520<br>Los Angeles, CA 90067<br>mwright@bsfllp.com<br>mzonne@bsfllp.com | Attorneys for<br>*Evelio Silvera* |
| Maxwell V. Pritt<br>Boies Schiller Flexner LLP<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>mpritt@bsfllp.com | |
| Jesse Panuccio<br>Boies Schiller Flexner LLP<br>1401 New York Ave. NW<br>Ste 1100<br>Washington, DC 20005<br>jpanuccio@bsfllp.com | |