Michael L. Mallow, SBN 188745
mmallow@shb.com
SHOOK, HARDY & BACON L.L.P.
Laurel A. Scott, SBN 350181
lascott@shb.com
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Tel: (424) 285-8330 | Fax: (424) 204-9093

M. Scott Michelman
mmichelman@shb.com
Ryan S. Killian, SBN 294512
rkillian@shb.com
SHOOK, HARDY & BACON L.L.P.
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Tel: (713) 227-8008 | Fax: (713) 227-9508

Attorneys for Defendant
CHRISTIAN CARE MINISTRY, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN CARE MINISTRY, INC., d/b/a MEDI-SHARE, a Delaware corporation; BRANDON HARVATH, an individual; and EVELIO SILVERA, an individual,<br><br>Defendants. | Case No. 2:23-cv-10660-SB-JC<br><br>Assigned to Hon. Stanley Blumenfeld, Jr.<br><br>**DEFENDANT CHRISTIAN CARE MINISTRY, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Courtroom:      6C<br>Trial Date:      December 9, 2024<br>Complaint Filed:  December 20, 2023<br>FAC Filed:      April 19, 2024 |

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendant Christian Care Ministry, Inc. ("CCM") respectfully submits this Answer to Pray, Inc.'s ("Pray" or "Plaintiff") First Amended Complaint (Doc. 68). As set forth below, CCM denies each and every allegation in the Complaint not specifically admitted in the following corresponding paragraphs. CCM denies – and objects to – allegations by Plaintiff that purport to lump CCM together with other defendants. CCM responds to this Complaint only on behalf of CCM and not on behalf of any other defendant.

## ANSWER

1.      CCM admits that Pray has brought this case against CCM, Brandon Harvath, and Evelio Silvera. CCM denies the remaining allegations in Paragraph 1.

2.      Denied.

3.      CCM admits that Plaintiff describes itself as "a tech company, specializing in software development, mobile/online program development, and video/content production." CCM admits that CCM is a faith-based non-profit that administers a healthcare sharing ministry program, wherein like-minded members of the Christian faith community voluntarily share in each other's medical expenses. CCM denies the remaining allegations in Paragraph 3.

4.      CCM admits that it communicated with Pray to explore what CCM believed at the time could be mutually beneficial business opportunities. CCM denies the remaining allegations in Paragraph 4.

5.      Denied.

6.      Denied.

7.      CCM admits that CCM and Pray executed a Simple Agreement for Future Equity (SAFE).  The SAFE provided that, in exchange for payment by CCM of $1,500,000, Pray issued to CCM the right to certain shares of Pray's Capital Stock, subject to the terms contained in the SAFE.  CCM denies the remaining allegations in Paragraph 7.

8.    Denied.

9.    Denied.

10.    CCM admits that the parties executed a document titled "Strategic Marketing and Support Agreement" ("SMSA") dated May 6, 2022. The SMSA speaks for itself, and CCM denies the allegations in Paragraph 17 to the extent they purport to characterize or interpret the SMSA. CCM further denies that the SMSA is a valid or enforceable contract. CCM denies the remaining allegations in Paragraph 10.

11.    Denied.

12.    CCM admits that it engaged with Plaintiff from time to time on various subjects. CCM otherwise denies the allegations in Paragraph 12.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first and second sentences of Paragraph 18 and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 18.

19.    Denied.

20.    Denied.

21.    Denied.

22.    CCM denies that Ben Allison showed Matthew Potter "a demo of CCM's product" on the grounds that no such "demo" ever existed. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 22 regarding interactions between Matthew Potter

DEFENDANT CHRISTIAN CARE MINISTRY, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT CASE NO. 2:23-CV-10660-SB-JC

and Ben Allison and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 22.

23.    CCM denies that Ben Allison showed Matthew Potter "a demo of CCM's product" on the grounds that no such "demo" ever existed. CCM denies the remaining allegations in Paragraph 23.

24.    CCM admits that, at the 2023 Know Hope World Conference, Brandon Harvath and Tim Clinton made an announcement, and that the announcement included a statement that CCM and the American Association of Christian Counselors ("AACC") planned to create a faith-based mental health network. CCM further admits that Plaintiff has brought this action against CCM, Harvath and Silvera. CCM denies the remaining allegations in Paragraph 24.

25.    CCM admits that Plaintiff is a Delaware corporation. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 25 and therefore denies those allegations.

26.    CCM admits that CCM's principal place of business is in Florida. CCM denies that CCM is a Delaware corporation; CCM is a Florida not-for-profit organization. CCM denies the remaining allegations in Paragraph 26.

27.    CCM admits that Harvath was CCM's Chief Operating Officer and was then CCM's Chief Executive Officer. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 27 and therefore denies those allegations.

28.    CCM admits that Silvera was CCM's Vice President, Communications and Government Affairs, and was then CCM's Vice President, Communications and Strategy. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 28 and therefore denies those allegations.

29.     The allegations in Paragraph 29 set forth conclusions of law for which no response is required. To the extent an answer is required, CCM denies that it violated any law, federal or otherwise.

30.     The allegations in Paragraph 30 set forth conclusions of law for which no response is required.

31.     The allegations in Paragraph 31 set forth conclusions of law for which no response is required.

32.     Denied.

33.     CCM admits that it engaged with Plaintiff from time to time on various subjects. CCM denies the remaining allegations in Paragraph 33.

34.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 34 and therefore denies those allegations.

35.     CCM admits that it engaged with Plaintiff from time to time on various subjects. CCM otherwise denies the allegations in the first sentence of Paragraph 35 that refer to CCM. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in the first sentence of Paragraph 35 and therefore denies those allegations. The remaining allegations in Paragraph 35 set forth conclusions of law for which no response is required.  To the extent an answer is required, CCM denies the remaining allegations in Paragraph 35.

36.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 36 and therefore denies those allegations.

37.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 37 and therefore denies those allegations.

38.     Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. The SMSA speaks for itself, and CCM denies the allegations in paragraph 43 to the extent they purport to characterize or interpret the SMSA. CCM further denies that the SMSA is a valid or enforceable contract. CCM denies the remaining allegations in Paragraph 43.

44. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 44 and therefore denies those allegations.

45. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 45 and therefore denies those allegations.

46. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 46 and therefore denies those allegations.

47. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 47 and therefore denies those allegations.

48. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 48 and therefore denies those allegations.

49. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 49 and therefore denies those allegations.

DEFENDANT CHRISTIAN CARE MINISTRY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:23-CV-10660-SB-JC

50.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 50 and therefore denies those allegations.

51.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 51 and therefore denies those allegations.

52.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 52 and therefore denies those allegations.

53.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 53 and therefore denies those allegations.

54.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 54 and therefore denies those allegations.

55.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 55 and therefore denies those allegations.

56.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 56 and therefore denies those allegations.

57.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 57 and therefore denies those allegations.

58.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 58 and therefore denies those allegations.

DEFENDANT CHRISTIAN CARE MINISTRY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:23-CV-10660-SB-JC

59.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 59 about Plaintiff's intentions, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 59.

60.    CCM denies the allegations in the first and second sentences of Paragraph 60. The remaining allegations in Paragraph 60 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

61.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 61 regarding Plaintiff's beliefs and knowledge, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 61.

62.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 62 about Plaintiff's intentions, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 59.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 67 about how much money Plaintiff spent collecting data on, and cultivating, its own unique customer base, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 67.

68.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 68 about Plaintiff's beliefs regarding marketing strategies, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 68.

DEFENDANT CHRISTIAN CARE MINISTRY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:23-CV-10660-SB-JC

69.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 69 about Plaintiff's beliefs regarding the desires of its customers, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 69.

70.     Denied.

71.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 71 about Plaintiff's efforts to commission studies, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 71.

72.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 72 and therefore denies those allegations.

73.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 73 and therefore denies those allegations.

74.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 74 and therefore denies those allegations.

75.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 74 and therefore denies those allegations.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

DEFENDANT CHRISTIAN CARE MINISTRY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:23-CV-10660-SB-JC

82.     Denied.

83.     Denied.

84.     Denied.

85.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 85 about the functionality of Plaintiff's cloud services account, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 85.

86.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 86 about the agreements signed by Plaintiff's employees, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 86.

87.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 87 and therefore denies those allegations.

88.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 88 about Pray's practices during document preparation, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 88.

89.     CCM admits that CCM is a faith-based non-profit that administers a healthcare sharing ministry program, wherein like-minded members of the Christian faith community voluntarily share in each other's medical expenses. CCM denies the remaining allegations in Paragraph 89.

90.     CCM admits that it communicated with Pray to explore what CCM believed at the time could be mutually beneficial business opportunities. CCM denies the remaining allegations in Paragraph 90.

91.     CCM admits that Harvath was CCM's Chief Operating Officer and was then CCM's Chief Executive Officer. CCM further admits that Silvera was CCM's

Vice President, Communications and Government Affairs, and was then CCM's Vice President, Communications and Strategy. CCM denies the remaining allegations in Paragraph 91.

92.     CCM admits that CCM and Pray executed a Non-Disclosure Agreement. CCM denies the remaining allegations in Paragraph 92.

93.     Denied.

94.     Denied.

95.     CCM admits that in March 2022, and at other times, CCM and Pray had discussions about providing CCM a right of first refusal regarding Pray Health. CCM denies the remaining allegations in Paragraph 95.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.     The allegations set forth in Paragraph 100 set forth conclusions of law for which no response is required. To the extent an answer is required, CCM denies the allegations in Paragraph 100.

101.     The allegations in Paragraph 101 set forth conclusions of law for which no response is required. To the extent an answer is required, CCM denies the allegations in Paragraph 101.

102.     Denied.

103.     CCM admits that the parties executed the SMSA. The SMSA speaks for itself, and CCM denies the allegations in Paragraph 103 to the extent they purport to characterize or interpret the SMSA. CCM further denies that the SMSA is a valid or enforceable contract. CCM denies the remaining allegations in Paragraph 103.

104.     The SMSA speaks for itself, and CCM denies the allegations in Paragraph 104 to the extent they purport to characterize or interpret the SMSA. CCM

1  further denies that the SMSA is a valid or enforceable contract. CCM denies the

2  remaining allegations in Paragraph 103.

3      105.    The SMSA speaks for itself, and CCM denies the allegations in

4  Paragraph 105 to the extent they purport to characterize or interpret the SMSA. CCM

5  further denies that the SMSA is a valid or enforceable contract. CCM denies the

6  remaining allegations in Paragraph 105.

7      106.    The SMSA speaks for itself, and CCM denies the allegations in

8  Paragraph 106 to the extent they purport to characterize or interpret the SMSA. CCM

9  further denies that the SMSA is a valid or enforceable contract. CCM denies the

10  remaining allegations in Paragraph 106.

11      107.    The SMSA speaks for itself, and CCM denies the allegations in

12  Paragraph 107 to the extent they purport to characterize or interpret the SMSA. CCM

13  further denies that the SMSA is a valid or enforceable contract. CCM denies the

14  remaining allegations in Paragraph 107.

15      108.    The SMSA speaks for itself, and CCM denies the allegations in

16  Paragraph 108 to the extent they purport to characterize or interpret the SMSA. CCM

17  further denies that the SMSA is a valid or enforceable contract. CCM denies the

18  remaining allegations in Paragraph 108.

19      109.    The SMSA speaks for itself, and CCM denies the allegations in

20  Paragraph 109 to the extent they purport to characterize or interpret the SMSA. CCM

21  further denies that the SMSA is a valid or enforceable contract. CCM denies the

22  remaining allegations in Paragraph 109.

23      110.    CCM admits that CCM and Pray executed a Simple Agreement for

24  Future Equity (SAFE).  The SAFE provided that, in exchange for payment by CCM

25  of $1,500,000, Pray issued to CCM the right to certain shares of Pray's Capital Stock,

26  subject to the terms contained in the SAFE.  CCM denies the remaining allegations

27  in Paragraph 110.

28

DEFENDANT CHRISTIAN CARE MINISTRY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:23-CV-10660-SB-JC

111.    Denied.

112.    The SMSA speaks for itself, and CCM denies the allegations in Paragraph 112 to the extent they purport to characterize or interpret the SMSA. CCM further denies that the SMSA is a valid or enforceable contract. CCM denies the remaining allegations in Paragraph 112.

113.    The SMSA speaks for itself, and CCM denies the allegations in Paragraph 113 to the extent they purport to characterize or interpret the SMSA. CCM further denies that the SMSA is a valid or enforceable contract. CCM denies the remaining allegations in Paragraph 113

114.    CCM admits that the SMSA contains this language. CCM denies that the SMSA is a valid or enforceable contract. CCM denies the remaining allegations in Paragraph 114, including Footnote 2.

115.    Denied.

116.    CCM admits that Plaintiff and CCM entered into a Master Subscription Agreement on April 17, 2023, and that the Master Subscription Agreement was signed on CCM's behalf of Mark Joos, CCM's Chief Financial Officer. CCM denies the remaining allegations in Paragraph 116.

117.    Denied.

118.    CCM admits that the Master Subscription Agreement addressed the purchase of bulk subscriptions to Pray.com. CCM denies all other allegations in Paragraph 118.

119.    CCM admits that Pray and CCM entered into Insertion Orders on June 30, 2022, August 19, 2022, and October 3, 2022, and that the three Insertion Orders were signed on CCM's behalf by Mark Joos, CCM's Chief Financial Officer.  CCM denies the remaining allegations in Paragraph 119.

120.    Denied.

121. CCM admits that the Insertion Orders addressed advertisements by CCM on Pray.com. CCM denies the remaining allegations in Paragraph 121.

122. CCM admits that Pray and CCM entered into a Master Services Agreement dated May 12, 2023, a Statement of Work dated August 15, 2023, and a Purchase Order dated August 16, 2023. CCM denies the remaining allegations in Paragraph 122.

123. The Master Services Agreement, Statement of Work and Purchase Order speak for themselves, and CCM denies all allegations in Paragraph 123 about CCM's or Plaintiff's purpose or intent. CCM denies the remaining allegations in Paragraph 123.

124. The Master Services Agreement, Statement of Work and Purchase Order speak for themselves, and CCM denies the allegations in paragraph 189 to the extent they purport to characterize or interpret those agreements. CCM denies the remaining allegations in Paragraph 124.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. CCM denies that the SMSA is a valid or enforceable contract. CCM denies the remaining allegations in Paragraph 129.

130. Denied.

131. CCM denies that the SMSA is a valid or enforceable contract. CCM denies the remaining allegations in Paragraph 131.

132. Denied.

133. Denied.

134. Denied.

135.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 135 and therefore denies those allegations.

136.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 136 and therefore denies those allegations.

137.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 137 and therefore denies those allegations

138.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 138 and therefore denies those allegations

139.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 139 and therefore denies those allegations.

140.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 140 and therefore denies those allegations.

141.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 142 that pertain only to Evelio Silvera and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 141.

142.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 142 and therefore denies those allegations.

DEFENDANT CHRISTIAN CARE MINISTRY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:23-CV-10660-SB-JC

143.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 143 and therefore denies those allegations.

144.     Denied.

145.     CCM admits that in August 2023, Harvath was serving as CCM's Chief Executive Officer, and further admits that a presentation to CCM was scheduled for late August 2023.  CCM denies all other allegations in Paragraph 145.

146.     CCM denies the allegations in the first sentence of Paragraph 146. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the second and third sentences of Paragraph 146 and therefore denies those allegations. CCM admits that it did not execute an agreement to purchase any subscriptions from Plaintiff in August of 2023. CCM denies all other allegations in Paragraph 146.

147.     CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 147 and therefore denies those allegations.

148.     CCM admits that the parties held a meeting in late August 2023. CCM denies the remaining allegations in Paragraph 148.

149.     The PowerPoint deck referenced in Paragraph 149 speaks for itself and CCM denies the allegations in paragraph 149 to the extent they purport to characterize or interpret the PowerPoint deck. CCM denies the remaining allegations in Paragraph 149.

150.     Denied.

151.     The PowerPoint deck referenced in Paragraph 151 speaks for itself and CCM denies the allegations in paragraph 151 to the extent they purport to characterize or interpret the PowerPoint deck. CCM denies the remaining allegations in Paragraph 151.

152.    CCM admits that Plaintiff and CCM at various times had discussed the possibility of CCM acquiring a seat on Plaintiff's board of directors.  CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 152 that pertain only to Brandon Harvath, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 152.

153.    Denied.

154.    CCM admits that Plaintiff and CCM at various times had discussed the possibility of CCM acquiring a seat on Plaintiff's board of directors.  CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 154 that pertain only to Brandon Harvath, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 154.

155.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 155 that pertain only to Evelio Silvera, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 155.

156.    CCM admits that there appear to have been some efforts made to reschedule the meeting with Plaintiff. CCM denies the remaining allegations in Paragraph 156.

157.    CCM denies all allegations in Paragraph 157 that refer to CCM. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 157 and therefore denies those allegations.

158.    CCM admits that in September 2023, AACC hosted its Know Hope World Conference in Nashville, Tennessee. CCM denies the remaining allegations in Paragraph 158.

159.    CCM denies the allegations in the last sentence of Paragraph 159. CCM lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 159 and therefore denies those allegations.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 164 about any communications between Allison and Potter, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 164.

165.    Denied.

166.    Denied.

167.    Denied.

168.    The allegations in Paragraph 168 set forth conclusions of law for which no response is required. To the extent an answer is required, CCM denies the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 set forth conclusions of law for which no response is required. To the extent an answer is required, CCM denies the allegations in Paragraph 169.

170.    Denied.

171.    Denied.

172.    CCM admits that, at the 2023 Know Hope World Conference, Brandon Harvath and Tim Clinton made an announcement, and that the announcement included a statement that CCM and the American Association of Christian Counselors ("AACC") planned to create a faith-based mental health network. CCM denies that Ben Allison showed Matthew Potter "a demo of CCM's product" on the grounds that no such "demo" ever existed. CCM denies the remaining allegations in Paragraph 172.

173.    CCM admits that Harvath gave a speech at the Know Hope World Conference in September 2023 but denies that the Complaint accurately characterizes the speech.  CCM denies all other allegations in Paragraph 173.

174.    CCM admits that Harvath gave a speech at the Know Hope World Conference in September 2023 but denies that the Complaint accurately characterizes the speech.  CCM denies all other allegations in Paragraph 174.

175.    CCM admits that Harvath and Silvera filmed a segment to discuss the Know Hope World Conference announcement, but denies that the Complaint accurately characterizes the segment.  CCM denies all other allegations in Paragraph 175.

176.    Denied.

177.    Denied.

178.    Denied.

179.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 179 and therefore denies those allegations.

180.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 180 and therefore denies those allegations.

181.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 181 and therefore denies those allegations.

182.    CCM admits that CCM engaged a public relations firm called A. Larry Ross for various matters, and that it did so because Pray introduced CCM to A. Larry Ross and recommended A. Larry Ross's services to CCM. CCM denies the remaining allegations in Paragraph 182.

183.    Denied.

184.    CCM admits that, at the 2023 Know Hope World Conference, Brandon Harvath and Tim Clinton made an announcement, and that the announcement included a statement that CCM and the American Association of Christian Counselors ("AACC") planned to create a faith-based mental health network. CCM denies the remaining allegations in Paragraph 184.

185.    Denied.

186.    The SMSA speaks for itself, and CCM denies the allegations in paragraph 186 to the extent they purport to characterize or interpret the SMSA. CCM further denies that the SMSA is a valid or enforceable contract. CCM denies the remaining allegations in Paragraph 186.

187.    CCM repeats and incorporates by reference each of its responses to Paragraphs 1 through 186.

188.    Denied.

189.    The SMSA speaks for itself, and CCM denies the allegations in paragraph 189 to the extent they purport to characterize or interpret the SMSA. CCM further denies that the SMSA is a valid or enforceable contract. CCM denies the remaining allegations in Paragraph 189.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    CCM admits that, at the 2023 Know Hope World Conference, Brandon Harvath and Tim Clinton made an announcement, and that the announcement included a statement that CCM and the American Association of Christian Counselors ("AACC") planned to create a faith-based mental health network. CCM denies the remaining allegations in Paragraph 195.

DEFENDANT CHRISTIAN CARE MINISTRY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:23-CV-10660-SB-JC

196.    Denied.

197.    Denied.

198.    Denied.

199.    CCM repeats and incorporates by reference each of its responses to Paragraphs 1 through 186.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    CCM repeats and incorporates by reference each of its responses to Paragraphs 1 through 186.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of Paragraph 211 and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 211.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    The allegations in Paragraph 217 set forth conclusions of law for which no response is required. To the extent an answer is required, CCM denies the allegations in Paragraph 217.

218.    Denied.

219.    Denied.

220.    Denied.

221.    CCM denies that it engaged in any improper acquisition, disclosure, or use of Pray's trade secrets and therefore denies the allegations in Paragraph 221.

222.    Denied.

223.    Denied.

224.    Denied.

225.    CCM repeats and incorporates by reference each of its responses to Paragraphs 1 through 186.

226.    Denied.

227.    Denied.

228.    CCM denies that it ever possessed any "plan to steal Pray's trade secrets related to Pray Health and launch [its] own copy-cat faith-based mental health solution" and therefore denies the allegations in Paragraph 228.

229.    CCM denies that it ever possessed any "plan to steal Pray's trade secrets related to Pray Health and launch [its] own copy-cat faith-based mental health solution" and therefore denies the allegations in Paragraph 229.

230.    CCM admits that it engaged with Plaintiff from time to time on various subjects. CCM denies the remaining allegations in Paragraph 230.

231.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 231 and therefore denies those allegations.

232.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 232 that relate only to Evelio Silvera, and therefore denies those allegations. CCM denies the remaining allegations in Paragraph 232.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    CCM repeats and incorporates by reference each of its responses to Paragraphs 1 through 186.

239.    Denied.

240.    Denied.

241.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 241 and therefore denies those allegations.

242.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 242 and therefore denies those allegations.

243.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 243 and therefore denies those allegations.

244.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 244 and therefore denies those allegations.

245.    CCM lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 245 and therefore denies those allegations.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Cause of Action]

The FAC, and each and every purported cause of action contained therein, fails to allege facts sufficient to state a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### [Information Readily Ascertainable by Other Means]

Defendant expressly denies that Plaintiff has identified any trade secret, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole or in part, because the information purported to constitute Pray's "trade secrets" are readily ascertainable by proper means.

## THIRD AFFIRMATIVE DEFENSE

### [Information Independently Developed]

Defendant expressly denies that Plaintiff has identified any trade secret, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole or in part, because the information purported to constitute Plaintiff's "trade secrets" were independently developed by Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### [Waiver]

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff waived any right to assert the claims in the FAC.

## FIFTH AFFIRMATIVE DEFENSE

### [Comparative Fault]

Each cause of action alleged in the FAC and the elements of relief sought therein are barred, in whole or in part, because Plaintiff's alleged injuries and damages were not legally or proximately caused by any acts or omissions by Defendant and/or were caused, if at all, by the conduct of Plaintiff and/or third parties.

## SIXTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate]

Plaintiff's claims are barred to the extent Plaintiff has acted unreasonably in failing to mitigate alleged damages, if any, against Defendant, and therefore, any such damages must be reduced or eliminated in accordance with the degree to which any such damages could have been mitigated by reasonable effort.

## SEVENTH AFFIRMATIVE DEFENSE

### [Setoff and Recoupment]

Any relief available to Plaintiff under its FAC should be reduced, in whole or in part, under the doctrines of setoff and recoupment.

## EIGHTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

The FAC, and each and every purported cause of action contained therein is barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### [Reservation of Defenses]

Defendant has insufficient knowledge or information at this time upon which to form a belief as to whether he may have additional, and as yet unstated, affirmative defenses available, and Defendant reserves the right to assert such additional defenses in the event discovery, investigation or analysis indicates they are proper.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

A.  That Plaintiff take nothing by reason of the FAC;

B.  That the FAC be dismissed upon the merits and with prejudice;

C.  That Defendant be awarded the costs of suit incurred herein, including reasonable attorney fees as appropriate; and

D.  That Defendant be awarded such additional and further relief as the Court deems just and proper.

# **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all causes of action so triable.


Dated: June 24, 2024

Respectfully submitted,
SHOOK, HARDY & BACON L.L.P.
By: */s/ Michael L. Mallow*
      Michael L. Mallow
      M. Scott Michelman
      Ryan S. Killian
      Laurel A. Scott
Attorneys for Defendant
Christian Care Ministry, Inc.

DEFENDANT CHRISTIAN CARE MINISTRY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 2:23-CV-10660-SB-JC