1   **BOIES SCHILLER FLEXNER LLP**
    Jesse M. Panuccio (*pro hac vice* pending)
2   jpanuccio@bsfllp.com
    401 East Olas Blvd., Suite 1200
3   Fort Lauderdale, FL, 33301
    Telephone: (954) 356-0011
4   Facsimile: (954) 356-0022

5   Melissa K. Zonne (CA Bar No. 301581)
    mzonne@bsfllp.com
6   M. Logan Wright (CA Bar No. 349004)
    mwright@bsfllp.com
7   2029 Century Park East, Suite 1520
    Los Angeles, CA, 90067
8   Telephone: (813) 482-4814
    Facsimile: (213) 629-9022

9
    Counsel for Defendant Evelio Silvera

10

### UNITED STATES DISTRICT COURT

11

### CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| PRAY, INC., a Delaware corporation, | Case No. 2:23-cv-10660-SB-JC |
| Plaintiff, | [Assigned to The Honorable Stanley Blumenfeld, Jr.] |
| v. | **DEFENDANT EVELIO SILIVERA'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |
| CHRISTIAN CARE MINISTRY, INC., d/b/a MEDI-SHARE, a Delaware corporation; BRANDON HARVATH, an individual; and EVELIO SILVERA, an individual, | Complaint Filed: December 20, 2023 FAC Filed: April 19, 2024 Trial Date: December 9, 2024 |
| Defendants. | |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rules of Civil Procedure 8, 12, and 13, Defendant Evelio Silvera ("Defendant" or "Silvera") respectfully submits this Answer and Affirmative Defenses and to Pray, Inc.'s ("Pray") First Amended Complaint ("FAC") (Doc. 68). Silvera's responses are made without waiving, and expressly reserving, all rights and defenses he has to some or all of the claims asserted in the FAC. Except as expressly admitted herein, each and every allegation in the FAC is denied, including any and all allegations that may be implied or inferred from the headings and/or unnumbered paragraphs in the FAC. Silvera answers by admitting or denying the allegations in the FAC as follows:[1]

1.      Admitted that Pray has brought this case against Christian Care Ministry ("CCM"), Brandon Harvath and Silvera.  Silvera denies the remaining allegations in FAC paragraph 1.

2.      Denied.

3.      Admitted that representatives from Pray and CCM met in 2021.  Silvera admits that Plaintiff describes itself as "a tech company, specializing in software development, mobile/online program development, and video/content production," but otherwise is without the knowledge necessary to attest to the accuracy of sentence 2 in FAC paragraph 3, which is accordingly denied. Silvera denies the allegations in sentence 3 of FAC paragraph 3.  Silvera admits that CCM is a faith-based non-profit that administers a healthcare sharing ministry program, wherein like-minded members of the Christian faith community voluntarily share each other's medical expenses.

---

[1] Silvera denies each and every allegation in the Complaint not specifically admitted in the following corresponding paragraphs.  Silvera denies all factual allegations, arguments, and legal conclusions made in the headings in the FAC.

ANSWER AND AFFIRMATIVE DEFENSES TO                    Case No. 2:23-cv-10660-SB-JC
PRAY, INC.'S FIRST AMENDED COMPLAINT

4.      Silvera admits that CCM communicated with Pray to explore what CCM believed at the time could be mutually beneficial business opportunities. Silvera denies the remaining allegations in FAC paragraph 4.

5.      Denied.

6.      Denied.

7.      Silvera admits that CCM and Pray executed a Simple Agreement for Future Equity ("SAFE") that provided CCM the right to certain shares of Pray's Capital Stock, subject to the terms contained in the SAFE, in exchange for payment by CCM of $1,500,000.  Silvera denies the remaining allegations in FAC paragraph 7.

8.      FAC paragraph 8 calls for a legal conclusion to which no response is necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

9.      FAC paragraph 9 calls for a legal conclusion to which no response is necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

10.      Silvera is informed that CCM and Pray executed a Strategic Marketing and Support Agreement ("SMSA") dated May 6, 2022.  The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in Paragraph 17 to the extent they purport to characterize or interpret the SMSA.  Silvera further denies that the SMSA is a valid or enforceable contract. Silvera denies the remaining allegations in FAC paragraph 10.

11.      FAC paragraph 11 calls for a legal conclusion to which no response is necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

12.      Silvera admits that he interacted with one or more representatives of Pray "in-person" on four occasions "in California."  Silvera otherwise denies the allegations in FAC Paragraph 12.

13.      FAC paragraph 13 calls for a legal conclusion to which no response is necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

14.      FAC paragraph 14 calls for a legal conclusion to which no response is necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

15.   FAC paragraph 15 calls for a legal conclusion to which no response is necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

16.   Silvera denies the allegations in FAC paragraph 16 concerning Silvera. Silvera is without knowledge to attest as to the remaining allegations in this paragraph, which are accordingly denied.

17.   Denied.

18.   Silvera is without the knowledge necessary to attest whether the allegations in sentences 1 or 2 of FAC paragraph 18 are true, and accordingly denies them.  Silvera denies the remaining allegations in this paragraph.

19.   Denied.

20.   FAC paragraph 20 calls for a legal conclusion to which no response is necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

21.   Denied.

22.   Silvera denies that that Ben Allison showed Matthew Potter "a demo of CCM's product" on the grounds that no such "demo" ever existed. Silvera lacks knowledge necessary to attest whether the allegations in FAC paragraph 22 regarding the interaction between Matthew Potter and Ben Alison are accurate, and accordingly denies them.  Silvera denies the remaining allegations in this paragraph.

23.   Silvera denies that that Ben Allison showed Matthew Potter "a demo of CCM's product" on the grounds that no such "demo" ever existed.  Silvera denies the remaining allegations in FAC paragraph 23.

24.   Silvera admits that, at the 2023 Know Hope World Conference, Harvath and Tim Clinton made an announcement, and that the announcement included a statement that CCM and the American Association of Christian Counselors ("AACC") planned to create a faith-based mental health network.  Silvera further admits that Plaintiff has brought this action against CCM, Harvath, and Silvera.  Sentence 3 of FAC paragraph 24 calls for a legal conclusion to which no response is necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

25.    Silvera admits that Plaintiff is a Delaware corporation.  Silvera lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in FAC paragraph 25 and therefore denies those allegations.

26.    Silvera denies that CCM is a Delaware corporation.  Silvera admits that CCM's principal place of business is in Florida.

27.    Admitted that Harvath is an individual.  Admitted that Harvath was CCM's Chief Operating Officer and was then CCM's Chief Executive Officer.  Silvera lacks the knowledge or information necessary to form a belief regarding the remaining allegations in FAC paragraph 27 and, therefore, denies these allegations.

28.    Silvera admits he resides in Florida and was CCM's Vice President of Communications and Strategy.  FAC paragraph 28 is otherwise denied.

29.    FAC paragraph 29 calls for legal conclusions to which no response is required.  To the extent an answer is required, Silvera denies violating any law, federal or otherwise.

30.    FAC paragraph 30 calls for legal conclusions to which no response is required.

31.    FAC paragraph 31 calls for legal conclusions to which no response is required.

32.    FAC paragraph 32 calls for legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, Silvera denies them.

33.    Silvera admits that he interacted with one or more representatives of Pray "in-person" on four occasions "in California," that he exchanged emails with Pray personnel, and that he engaged with Pray personnel from time to time on various subjects via videoconferencing while located outside of California.  Silvera otherwise denies the allegations in this paragraph.

34.    Silvera admits that he interacted with representatives of Pray "in California" for total times, in June 2022, August 2022, September 2022, and August

5

2023. Silvera otherwise denies the allegations of FAC paragraph 34 as mischaracterizing events.

35.    With respect to the first sentence of FAC paragraph 35, Silvera admits that he participated in Zoom videoconferences with Pray representatives while Silvera was located outside of California, but is without knowledge of the specific number alleged in the FAC. Sentences 2 and 3 of this paragraph call for legal conclusions to which no response is required. Silvera denies the remaining allegations in this paragraph.

36.    Silvera admits that he participated in six Google Meet-Up videoconferences with representatives of Pray while Silvera was located outside of California. Silvera is without knowledge of the number of Google Meet-Up videoconferences attended by Harvath and therefore denies the allegation related to Harvath. Silvera otherwise denies the allegations in FAC paragraph 36.

37.    Silvera admits that he participated in one Microsoft Teams meeting with representatives of Pray while Silvera was located outside of California, but is without knowledge as to whether Harvath attended.

38.    Silvera denies the factual allegations of FAC paragraph 38. The remainder of FAC paragraph 38 calls for legal conclusions to which no responses are necessary.

39.    Silvera denies the factual allegations of FAC paragraph 39. The remainder of FAC paragraph 39 calls for legal conclusions to which no responses are necessary.

40.    Silvera denies the factual allegations of FAC paragraph 40. The remainder of FAC paragraph 40 calls for legal conclusions to which no responses are necessary.

41.    Silvera denies the factual allegations of FAC paragraph 41. The remainder of FAC paragraph 41 calls for legal conclusions to which no responses are necessary.

42.    Silvera denies the factual allegations of FAC paragraph 42. The remainder of FAC paragraph 42 calls for legal conclusions to which no responses are necessary.

43.    FAC paragraph 43 calls for legal conclusions to which no responses are necessary. The SMSA speaks for itself, to the extent it exists, and Silvera denies any allegation in this paragraph to the extent Plaintiff purports to characterize or interpret

6

the SMSA.  Silvera otherwise denies all other allegations in this paragraph.

44.    Without knowledge and, therefore, denied.

45.    Silvera is without the knowledge or information necessary to form a belief regarding the truth of the allegations in FAC paragraph 45 and, therefore, denies these allegations.

46.    Without knowledge and, therefore, denied.

47.    Without knowledge and, therefore, denied.

48.    Without knowledge and, therefore, denied.

49.    Without knowledge and, therefore, denied.

50.    Without knowledge and, therefore, denied.

51.    Without knowledge and, therefore, denied.

52.    Without knowledge and, therefore, denied.

53.    Without knowledge and, therefore, denied.

54.    Without knowledge and, therefore, denied.

55.    Without knowledge and, therefore, denied.

56.    Without knowledge and, therefore, denied.

57.    Without knowledge and, therefore, denied.

58.    Without knowledge and, therefore, denied.

59.    Without knowledge and, therefore, denied.

60.    Silvera is without the knowledge or information necessary to form a belief regarding the truth of the allegations in sentence 1 and 2 of FAC paragraph 60 and, therefore, denies these allegations. The allegations in sentence 3 of FAC paragraph 60 are admitted.

61.    Without knowledge and, therefore, denied.

62.    Denied.

63.    Denied.

64.    Without knowledge and, therefore, denied.

65.    Denied.

7

66.    FAC paragraph 66 calls for legal conclusions to which no responses are necessary.  Silvera otherwise denies all other allegations in this paragraph.

67.    Without knowledge and, therefore, denied.

68.    Without knowledge and, therefore, denied.

69.    Without knowledge and, therefore, denied.

70.    Without knowledge and, therefore, denied.

71.    Silvera denies the allegations in sentence 3 of FAC paragraph 71. Silvera is without the knowledge or information necessary to form a belief regarding the truth of the remaining allegations in this paragraph and, therefore, denies these allegations.

72.    Without knowledge and, therefore, denied.

73.    Without knowledge and, therefore, denied.

74.    Without knowledge and, therefore, denied.

75.    Without knowledge and, therefore, denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Without knowledge and, therefore, denied.

81.    Without knowledge and, therefore, denied.

82.    Denied.

83.    FAC paragraph 83 calls for legal conclusions to which no responses are necessary.  Silvera is without the knowledge or information necessary to form a belief regarding the truth of the remainder of the allegations in FAC paragraph 83 and, therefore, denies these allegations.

84.    FAC paragraph 84 calls for legal conclusions to which no responses are necessary.  Silvera is without the knowledge or information necessary to form a belief regarding the truth of the remaining allegations in FAC paragraph 84 and, therefore, denies these allegations.

85.    Without knowledge and, therefore, denied.

86.    FAC paragraph 86 calls for legal conclusions to which no responses are necessary.  Silvera is without the knowledge or information necessary to form a belief regarding the truth of the allegations in FAC paragraph 86 and, therefore, denies these allegations.

87.    FAC paragraph 87 calls for legal conclusions to which no responses are necessary.  Silvera is without the knowledge or information necessary to form a belief regarding the truth of the allegations in FAC paragraph 87 and, therefore, denies these allegations.

88.    Without knowledge and, therefore, denied.

89.    Silvera admits CCM is a faith-based non-profit that administers a healthcare sharing ministry program, wherein like-minded members of the Christian faith community voluntarily share each other's medical expenses.  Silvera otherwise denies the remaining allegations in FAC paragraph 89.

90.    Silvera admits CCM communicated with Pray to explore what CCM believed at the time could be mutually beneficial business opportunities.  Silvera denies the remaining allegations in FAC paragraph 90.

91.    Silvera admits that Harvath was CCM's COO and then CEO.  Silvera further admits that he was CCM's Vice President of Communications & Government Affairs.  Silvera denies the remaining allegations in FAC paragraph 91.

92.    Silvera admits that CCM and Pray executed a Non-Disclosure Agreement.  Silvera is without the knowledge or information necessary to form a belief regarding the truth of the allegations in the second sentence of FAC paragraph 92 and, therefore, denies these allegations.  Silvera denies the third sentence of FAC paragraph 92.

93.    FAC paragraph 93 calls for legal conclusions to which no responses are necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

94.    Denied.

95.    Denied.

9

96.    Denied.

97.    Denied.

98.    FAC paragraph 98 calls for a legal conclusion to which no response is necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

99.    FAC paragraph 99 calls for a legal conclusion to which no response is necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

100.    FAC paragraph 100 calls for legal conclusions to which no responses are necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

101.    FAC paragraph 101 calls for legal conclusions to which no responses are necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

102.    FAC paragraph 102 calls for legal conclusions to which no responses are necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

103.    FAC paragraph 103 calls for legal conclusions to which no responses are necessary.  Silvera otherwise denies the remaining allegations in this paragraph.

104.    FAC paragraph 104 calls for legal conclusions to which no responses are necessary.  The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret the SMSA.  Silvera otherwise denies the remaining allegations in this paragraph.

105.    FAC paragraph 105 calls for legal conclusions to which no responses are necessary.  The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret the SMSA.  Silvera otherwise denies the remaining allegations in this paragraph.

106.    FAC paragraph 106 calls for legal conclusions to which no responses are necessary.  The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret the SMSA.  Silvera otherwise denies the remaining allegations in this paragraph.

107.    FAC paragraph 107 calls for legal conclusions to which no responses are necessary.  The SMSA speaks for itself, to the extent it exists, and Silvera denies the

10

allegations in this paragraph to the extent Pray purports to characterize or interpret the SMSA. Silvera otherwise denies the remaining allegations in this paragraph.

108. FAC paragraph 108 calls for legal conclusions to which no responses are necessary. The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret the SMSA. Silvera otherwise denies the remaining allegations in this paragraph.

109. FAC paragraph 109 calls for legal conclusions to which no responses are necessary. The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret the SMSA. Silvera otherwise denies the remaining allegations in this paragraph.

110. Silvera admits that CCM and Pray executed a SAFE agreement. The SAFE agreement provided CCM the right to certain shares of Pray's Capital Stock, subject to the terms contained in the SAFE, in exchange for payment by CCM of $1,500,000. Silvera denies the remaining allegations in FAC paragraph 110.

111. FAC paragraph 111 calls for legal conclusions to which no responses are necessary. Silvera otherwise denies the remaining allegations in this paragraph.

112. FAC paragraph 112 calls for legal conclusions to which no responses are necessary. The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret the SMSA. Silvera otherwise denies the remaining allegations in this paragraph.

113. The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in FAC paragraph 113 to the extent Pray purports to characterize or interpret the SMSA. Silvera otherwise denies the remaining allegations in this paragraph.

114. The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in FAC paragraph 114 and footnote 2 to the extent Pray purports to characterize or interpret the SMSA. Silvera otherwise denies the remaining allegations in this paragraph, including within footnote 2.

115. FAC paragraph 115 calls for legal conclusions to which no responses are

11

necessary.  These documents speak for themselves, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret these documents.  Silvera otherwise denies the remaining allegations in this paragraph.

116.   Silvera responds that the document cited in FAC paragraph 116 speaks for itself, to the extent it exists, and to the extent Pray purports to characterize or interpret this document, Silvera denies.   Silvera denies the remaining allegations in FAC paragraph 116.

117.   Without knowledge and, therefore, denied.

118.   FAC paragraph 118 calls for legal conclusions to which no responses are necessary.  The Master Subscription Agreement and the SMSA speak for themselves, to the extent they exist, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret these documents.  Silvera is also without the knowledge or information necessary to form a belief regarding the truth of the allegations in FAC paragraph 118 and, therefore, denies these allegations.

119.   Silvera is without the knowledge or information necessary to form a belief regarding the truth of the allegations in FAC paragraph 119 and, therefore, denies these allegations. FAC paragraph 119 calls for legal conclusions to which no responses are necessary.

120.   FAC paragraph 120 calls for legal conclusions to which no responses are necessary.  The Insertion Orders and the SMSA speak for themselves, to the extent they exist, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret these documents. Silvera is also without the knowledge or information necessary to form a belief regarding the truth of the allegations in FAC paragraph 120 and, therefore, denies these allegations.

121.   FAC paragraph 121 calls for legal conclusions to which no responses are necessary.  The Insertion Orders and the SMSA speak for themselves, to the extent they exists, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret these documents. Silvera is also without the knowledge or

12

information necessary to form a belief regarding the truth of the allegations in FAC paragraph 121 and, therefore, denies these allegations.

122.    Silvera is without the knowledge or information necessary to form a belief regarding the truth of the allegations in FAC paragraph 122 and, therefore, denies these allegations. FAC paragraph 122 calls for legal conclusions to which no responses are necessary. The documents referenced in this paragraph speak for themselves, to the extent they exist, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret these documents.

123.    FAC paragraph 123 calls for legal conclusions to which no responses are necessary. The Statement of Work, Purchase Orders, and the SMSA speak for themselves, to the extent they exist, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret these documents. Silvera is also without the knowledge or information necessary to form a belief regarding the truth of the allegations in FAC paragraph 123 and, therefore, denies these allegations.

124.    FAC paragraph 124 calls for legal conclusions to which no responses are necessary. The Statement of Work, Purchase Orders, and the SMSA speak for themselves, to the extent they exist, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret these documents. Silvera is also without the knowledge or information necessary to form a belief regarding the truth of the allegations in FAC paragraph 124 and, therefore, denies these allegations.

125.    The Statement of Work, Purchase Orders, and the SMSA speak for themselves, to the extent they exist, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret these documents. Silvera is also without the knowledge or information necessary to form a belief regarding the truth of the allegations in FAC paragraph 125 and, therefore, denies these allegations.

126.    Without knowledge and, therefore, denied.

127.    The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in FAC paragraph 127 to the extent Pray purports to characterize or interpret

the SMSA. Silvera denies the allegations in the second sentence of this paragraph. Silvera is also without the knowledge or information necessary to form a belief regarding the truth of the remaining allegations in FAC paragraph 127 and, therefore, denies these allegations.

128. FAC paragraph 128 calls for legal conclusions to which no responses are necessary. The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in FAC paragraph 128 to the extent Pray purports to characterize or interpret the SMSA. Silvera is also without the knowledge or information necessary to form a belief regarding the truth of the allegations in FAC paragraph 128 and, therefore, denies these allegations.

129. Denied.

130. FAC paragraph 130 calls for legal conclusions to which no responses are necessary. Silvera otherwise denies the remaining allegations in this paragraph.

131. FAC paragraph 131 calls for legal conclusions to which no responses are necessary. The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in FAC paragraph 131 to the extent Pray purports to characterize or interpret the SMSA. Silvera otherwise denies the remaining allegations in this paragraph.

132. Silvera admits allegations in FAC paragraph 132 to the extent that Potter and Silvera both attended a group dinner with several other people on June 13, 2022, and to the extent that the same day Elsita Sanya sent an email to Silvera which did ask in part: "Who would be the right person to brainstorm ideas around building out the PRAY Health brand and engaging CCM into the product and services we'll start selling under these efforts?". FAC paragraph 132 calls for legal conclusions to which no responses are necessary. Silvera otherwise denies the remaining allegations in this paragraph.

133. FAC paragraph 133 calls for legal conclusions to which no responses are necessary. Silvera admits he interacted in person, in California, with Pray representatives, once in August 2022, once in September 2022, and once in April 2023,

14

and that during these interactions various business issues were discussed. Silvera otherwise denies the remaining allegations in this paragraph.

134. FAC paragraph 134 calls for legal conclusions to which no responses are necessary. The SMSA speaks for itself, to the extent it exists, and Silvera denies the allegations in FAC paragraph 134 to the extent Pray purports to characterize or interpret the SMSA. Silvera is otherwise without the knowledge or information necessary to form a belief regarding the truth of the remaining allegations in FAC paragraph 134 and, therefore, denies these allegations.

135. Silvera admits that the text message conversations include the partial quotations recounted in FAC paragraph 135, but denies any characterization of those messages or any inference that the full meaning of those text conversations is conveyed in paragraph 135. This paragraph also calls for legal conclusions to which no responses are necessary. Silvera otherwise denies the remaining allegations in this paragraph.

136. Silvera admits that the text message conversations include the partial quotations recounted in FAC paragraph 136, but denies any characterization of those messages or any inference that the full meaning of those text conversations is conveyed in paragraph 136. FAC paragraph 136 calls for legal conclusions to which no responses are necessary. Silvera otherwise denies the remaining allegations in this paragraph.

137. FAC paragraph 137 calls for legal conclusions to which no responses are necessary. Silvera is without knowledge or information necessary to form a belief regarding the truth of the allegations in the first, second, and third sentences of this paragraph and, therefore, denies these allegations. Silvera otherwise denies the allegations in paragraph 137.

138. Silvera admits that he sent an email stating he was available at 4:00 pm EST on July 11, 2023, to have a call, and that the email subject line is accurately quoted in FAC paragraph 138. Silvera denies that he knew Gatena, Lynn, and Potter would be in California during this call, and is without the knowledge or information necessary to form a belief regarding the truth of the remaining allegations in the third sentence of

15

this paragraph and, therefore, denies these allegations. Sentence 4 of this paragraph calls for legal conclusions to which no responses are necessary. Silvera otherwise denies the remaining allegations in this paragraph.

139.   Silvera admits that text message conversations between Silvera, Potter, Gatena, and Lynn include the partial quotations recounted in FAC paragraph 139, but denies any characterization of those messages or any inference that the full meaning of those text conversations is conveyed in paragraph 139.

140.   Silvera admits that the text message conversations include the partial quotations recounted in FAC paragraph 140, but denies any characterization of those messages or any inference that the full meaning of those text conversations is conveyed in paragraph 140.

141.   Regarding the first sentence of FAC paragraph 141, Silvera admits he sent the referenced email on July 303, 2023, and that it included the term "Pray Health Feature Set." Silvera denies the third sentence of FAC paragraph 141. Silvera otherwise denies the remaining allegations in this paragraph.

142.   Silvera admits that the email referenced in FAC paragraph 142 includes the partial quotations recounted in FAC paragraph 142, but denies any characterization of that email or any inference that the full meaning of that email is conveyed in paragraph 142.

143.   Silvera admits that the email referenced in FAC paragraph 143 includes the partial quotations recounted in FAC paragraph 143, but denies any characterization of that email or any inference that the full meaning of that email is conveyed in paragraph 143.

144.   FAC paragraph 144 calls for legal conclusions to which no responses are necessary. Silvera otherwise denies the remaining allegations in this paragraph.

145.   Silvera admits that in August 2023, Harvath was serving as CCM's Chief Executive Officer, and further admits that a presentation to CCM was scheduled for late August 2023. Silvera otherwise denies the remaining allegations in FAC paragraph

16

145.

146.   The first and third sentences of FAC paragraph 146 calls for a legal conclusion to which no response is necessary.  Silvera denies that "Harvath and Silvera dragged their feet."  Silvera admits that Lynn shared the draft addendum referenced in this paragraph with him and that neither he nor Harvath signed this document.  Silvera otherwise denies the remaining allegations in this paragraph.

147.   Silvera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in FAC paragraph 147 and, therefore, denies these allegations.

148.   Silvera admits that the parties held a meeting in late August 2023. Sentence 2 of FAC paragraph 148 calls for legal conclusions to which no responses are necessary.  Silvera otherwise denies the remaining allegations in this paragraph, including any implication or inference that Pray showed a PowerPoint deck with content solely created by Pray.

149.   The PowerPoint deck referenced in FAC paragraph 149 speaks for itself, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret this document.  Silvera is without the knowledge or information necessary to form a belief regarding the truth of the allegations in sentence 3 of this paragraph and, therefore, denies these allegations.  Silvera denies any implication or inference that Pray showed a PowerPoint deck with content solely created by Pray.

150.   The PowerPoint deck referenced in FAC paragraph 150 speaks for itself, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret this document.  Silvera is without the knowledge or information necessary to form a belief regarding the truth of the allegations in sentence 2 of this paragraph and, therefore, denies these allegations.  Silvera denies any implication or inference that Pray showed a PowerPoint deck with content solely created by Pray.

151.   The PowerPoint deck referenced in FAC paragraph 151 speaks for itself, and Silvera denies the allegations in this paragraph to the extent Pray purports to

characterize or interpret this document.   Silvera otherwise denies the remaining allegations in this paragraph.   Silvera denies any implication or inference that Pray showed a PowerPoint deck with content solely created by Pray.

152.   Silvera admits that Plaintiff and CCM at various times discussed the possibility of CCM acquiring a seat on Plaintiff's board of directors.   Silvera is without the knowledge or information necessary to form a belief regarding the truth of the allegations in sentence 2 of this paragraph and, therefore, denies these allegations. Silvera otherwise denies the remaining allegations in this paragraph.

153.   Silvera is without the knowledge or information necessary to form a belief regarding the truth of the allegations in the first sentence of FAC paragraph 153 and, therefore, denies these allegations.   Silvera denies the second sentence of FAC paragraph 153.

154.   Silvera admits that Plaintiff and CCM at various times had discussed the possibility of CCM acquiring a seat on Plaintiff's board of directors.   Silvera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in FAC paragraph 154 that pertain only to Brandon Harvath and, therefore, denies those allegations.   Silvera denies the remaining allegations in this paragraph.

155.   Silvera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in first sentence of FAC paragraph 155 and, therefore, denies those allegations.   Regarding the remainder of paragraph 155, Silvera admits that the text message conversations include the partial quotations recounted in FAC paragraph 155, but denies any characterization of those messages or any inference that the full meaning of those text conversations is conveyed in this paragraph.

156.   Silvera admits that CCM attempted to reschedule a meeting with Plaintiff. Silvera denies the remaining allegations in FAC paragraph 156.

157.   Silvera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in FAC paragraph 157 that pertain only to Brandon Harvath and/or Pray and, therefore, denies those allegations.   Silvera denies the

remaining allegations in this paragraph.

158.    Silvera admits that in September 2023 AACC hosted a Know Hope World Conference in Nashville, Tennessee.  Silvera denies the remaining allegations in FAC paragraph 158.

159.    Silvera admits that Potter attended the Know Hope World Conference. Silvera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the third, fourth, and fifth sentences of FAC paragraph 159 and, therefore, denies those allegations.  The sixth sentence of this paragraph calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

160.    Silvera denies that Ben Allison showed Matthew Potter "demo" of CCM's product on the grounds that no such "demo" ever existed.  The third sentence of FAC paragraph 160 calls for legal conclusions to which no responses are necessary. Silvera lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this sentence and, therefore, denies those allegations.

161.    Silvera denies that Ben Allison showed Matthew Potter "demo" of CCM's product on the grounds that no such "demo" ever existed.  FAC paragraph 161 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

162.    FAC paragraph 162 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

163.    Silvera denies FAC paragraph 163 to the extent it is based on the "demo" referred to in prior paragraphs because no such "demo" ever existed.  Silvera lacks knowledge or information sufficient to form a belief regarding the truth of what "Potter recognized" and, therefore, denies those allegations.  Silvera denies the remaining allegations in this paragraph.

164.    Silvera denies FAC paragraph 164 to the extent it is based on the "demo" referred to in prior paragraphs because no such "demo" ever existed.  Silvera lacks

knowledge or information sufficient to form a belief regarding the truth of what "Allison told Potter" and, therefore, denies those allegations.  Silvera denies the remaining allegations in this paragraph.

165.  Silvera denies FAC paragraph 165 to the extent it is based on the "demo referred to in prior paragraphs because no such "demo" ever existed.  FAC paragraph 165 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

166.  FAC paragraph 166 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

167.  FAC paragraph 167 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

168.  FAC paragraph 168 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

169.  FAC paragraph 169 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

170.  FAC paragraph 170 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

171.  FAC paragraph 171 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

172.  Silvera admits that Harvath and Clinton made an announcement at the 2023 Know Hope World Conference.  Silvera denies the remaining allegations in FAC paragraph 172.

173.  Silvera admits that Harvath and Clinton made an announcement at the 2023 Know Hope World Conference.  Silvera denies the remaining allegations in FAC paragraph 173.

174.  Silvera admits Harvath gave a speech at the Know Hope World Conference in September 2023, but denies insofar as FAC paragraph 174 does not accurately characterize this speech.  Silvera denies the remaining allegations in this paragraph.

175.   Silvera admits he and Harvath filmed a segment to discuss the Know Hope World Conference announcement, but denies insofar as FAC paragraph 175 does not accurately characterize this segment. Silvera denies the remaining allegations in this paragraph.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   The first sentence of FAC paragraph 180 is denied as to Silvera.  Silvera also lacks knowledge or information sufficient to form a belief regarding what Potter may have "seen" and, therefore, denies these allegations.  Silvera denies the remaining allegations in this paragraph.

181.   Silvera lacks knowledge or information sufficient to form a belief regarding the allegations in FAC paragraph 181 and, therefore, denies these allegations.

182.   Silvera admits that CCM engaged a public-relations firm called A. Larry Ross for various matters.  Silvera denies the remaining allegations in FAC paragraph 182.

183.   Silvera admits that he forwarded a news story detailing allegations of fraud against Tim Clinton.  Silvera otherwise denies the allegations in FAC paragraph 183.

184.   Silvera admits that Harvath and Clinton made an announcement at the 2023 Know Hope World Conference.  Silvera denies the remaining allegations in FAC paragraph 184.

185.   FAC paragraph 185 calls for a legal conclusion to which no response is necessary.  Silvera denies the remaining allegations in FAC paragraph 185.

186.   FAC paragraph 186 calls for legal conclusions to which no responses are necessary.  The SMSA speaks for itself, and Silvera denies the allegations in this paragraph to the extent Pray purports to characterize or interpret the SMSA.  Silvera otherwise denies the remaining allegations in this paragraph.

187.   FAC paragraph 187 is directed to co-Defendant CCM and, thus, no response is required.   To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

188.   FAC paragraph 188 is directed to co-Defendant CCM and, thus, no response is required.   To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

189.   FAC paragraph 189 is directed to co-Defendant CCM and, thus, no response is required.   To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

190.   FAC paragraph 190 is directed to co-Defendant CCM and, thus, no response is required.   To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

191.   FAC paragraph 191 is directed to co-Defendant CCM and, thus, no response is required.   To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

192.   FAC paragraph 192 is directed to co-Defendant CCM and, thus, no response is required.   To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

193.   FAC paragraph 193 is directed to co-Defendant CCM and, thus, no response is required.   To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

194.   FAC paragraph 194 is directed to co-Defendant CCM and, thus, no response is required.   To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

195.   FAC paragraph 195 is directed to co-Defendant CCM and, thus, no response is required.   To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

196.   FAC paragraph 196 is directed to co-Defendant CCM and, thus, no

22

response is required. To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

197. FAC paragraph 197 is directed to co-Defendant CCM and, thus, no response is required. To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

198. FAC paragraph 198 is directed to co-Defendant CCM and, thus, no response is required. To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

199. FAC paragraph 199 is directed to co-Defendant CCM and, thus, no response is required. To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

200. FAC paragraph 200 is directed to co-Defendant CCM and, thus, no response is required. To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

201. FAC paragraph 201 is directed to co-Defendant CCM and, thus, no response is required. To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

202. FAC paragraph 202 is directed to co-Defendant CCM and, thus, no response is required. To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

203. FAC paragraph 203 is directed to co-Defendant CCM and, thus, no response is required. To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

204. FAC paragraph 204 is directed to co-Defendant CCM and, thus, no response is required. To the extent any response is required, Silvera denies the allegations set forth in this paragraph.

205. FAC paragraph 205 is directed to co-Defendant CCM and, thus, no response is required. To the extent any response is required, Silvera denies the

23

allegations set forth in this paragraph.

206.  Silvera repeats and incorporates by reference each of his responses to FAC paragraphs 1–186.

207.  FAC paragraph 207 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

208.  FAC paragraph 208 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

209.  FAC paragraph 209 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

210.  FAC paragraph 210 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

211.  FAC paragraph 211 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

212.  FAC paragraph 212 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

213.  FAC paragraph 213 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

214.  FAC paragraph 214 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

215.  FAC paragraph 215 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

216.  FAC paragraph 216 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

217.  FAC paragraph 217 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

218.  Denied.

219.  FAC paragraph 219 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

220.   FAC paragraph 220 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

221.   FAC paragraph 221 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

222.   FAC paragraph 222 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

223.   FAC paragraph 223 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

224.   FAC paragraph 224 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

225.   Silvera repeats and incorporates by reference each of its responses to FAC paragraphs 1–186.

226.   FAC paragraph 226 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

227.   Denied.

228.   Denied.

229.   FAC paragraph 229 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

230.   Silvera admits he engaged in four in-person interactions, six Google Meet-Up videoconferences, and one Microsoft Teams videoconference with Pray representatives.  Silvera denies that he engaged in 31 "Zoom calls."  Silvera denies the remaining allegations in FAC paragraph 230.

231.   Silvera admits he forwarded a news story detailing allegations of fraud against Clinton.  Silvera otherwise denies the allegations in FAC paragraph 231.

232.   Denied

233.   Denied.

234.   FAC paragraph 234 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

235.   Denied.

236.   Denied.

237.   Denied.

238.   Silvera repeats and incorporates by reference each of his responses to FAC paragraphs 1–186.

239.   FAC paragraph 239 calls for legal conclusions to which no responses are necessary.  Silvera denies the remaining allegations in this paragraph.

240.   Denied.

241.   Silvera admits that the text message conversations include the partial quotations recounted in FAC paragraph 241, but denies any characterization of those messages or any inference that the full meaning of those text conversations is conveyed in this paragraph.  Silvera otherwise denies the allegations in this paragraph.

242.   Silvera admits that the text message conversations include the partial quotations recounted in FAC paragraph 242, but denies any characterization of those messages or any inference that the full meaning of those text conversations is conveyed in this paragraph.  Silvera admits the text message exchange in FAC paragraph 242 is accurate.

243.   Regarding the first sentence of FAC paragraph 243, Silvera admits he sent the referenced email on July 303, 2023, and that it included the term "Pray Health Feature Set."  Silvera denies the third sentence of FAC paragraph 243.  Silvera denies the remaining allegations in this paragraph.

244.   Silvera admits that the email exchange includes the partial quotations recounted in FAC paragraph 244, but denies any characterization of those messages or any inference that the full meaning of those text conversations is conveyed in this paragraph.  Silvera otherwise denies the allegations in this paragraph.

245.   Silvera admits that Gatena replied "Agreed!" as stated in FAC paragraph 245.  Silvera otherwise denies the allegations in this paragraph.

246.   Denied.

247.  Denied.

248.  Denied.

249.  Denied.

250.  Denied.

251.  Denied.

252.  Denied.

253.  Denied.

Every allegation in the FAC that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiff, Defendant asserts the following separate and affirmative defenses to the FAC. By pleading the following defenses, Defendant does not concede that he bears the burden of proof on any issue raised through the pleadings. Defendant reserves the right to amend his Answer to add additional Affirmative and Other Defenses consistent with the facts discovered in the case.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

1.      The FAC, and each and every purported cause of action contained therein, fails to allege facts sufficient to state a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### Failure to Identify Trade Secret with Reasonable Particularity

2.      Defendant expressly denies that Plaintiff has identified any trade secret, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole or in part, because Plaintiff has not identified any alleged trade secrets with reasonable particularity.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD AFFIRMATIVE DEFENSE**

**No Trade Secret/Information Readily Ascertainable by Other Means**

3.    Defendant expressly denies that Plaintiff has identified any trade secret, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole or in part, because the information purported to constitute Pray's "trade secrets" are not trade secrets because, among other things, they are readily ascertainable by proper means.

**FOURTH AFFIRMATIVE DEFENSE**

**Information Independently Developed**

4.    Defendant expressly denies that Plaintiff has identified any trade secrets, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole or in part, because the information purported to constitute Plaintiff's "trade secrets," was independently developed by Defendant.  This information includes, but is not limited to, that information contained in "PowerPoint decks" referred to in the FAC. Defendant was responsible for the creation of the decks themselves, as well as the majority of the content within the decks.  Specifically, both the "roadmap" and "marketing plan" in the decks and claimed by Plaintiff to be its trade secrets were almost entirely derived from Defendant.  He created, drafted and revised those portions of the decks, among other information provided to Plaintiff.  Thus Plaintiff does not own, and is prohibited and enjoined, from use of the intellectual property purported by Plaintiff to be trade secrets in the FAC and otherwise created by Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

**Alleged Trade Secrets Owned by Defendant**

5.    Defendant expressly denies that Plaintiff has identified any trade secrets, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole or in part, because at least some of the information purported to constitute Plaintiff's "trade secrets," is

owned by Defendant. This information includes, but is not limited to, that information contained in "PowerPoint decks" referred to in the FAC. Defendant was responsible for the creation of the decks themselves, as well as the majority of the content within the decks. He created, drafted and revised those portions of the decks, among other information. Thus Plaintiff does not own, and is prohibited and enjoined, from use of the intellectual property purported by Plaintiff to be trade secrets in the FAC and otherwise created by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### Inadequate Protection of Information

6.    Defendant expressly denies that Plaintiff has identified any trade secrets, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole or in part, because Plaintiff did not make reasonable efforts to protect or maintain the secrecy of the information.

## SEVENTH AFFIRMATIVE DEFENSE

### No Injury-In-Fact

7.    Each cause of action alleged in the FAC and the elements of relief sought therein are barred, in whole or in part, because Plaintiff has not suffered injury-in-fact from the conduct described in the FAC.

## EIGHTH AFFIRMATIVE DEFENSE

### No Causation for Alleged Loss

8.    Plaintiff's claims are barred, in whole or in part, because if any loss was suffered by Plaintiff, which is expressly denied, that loss did not result from any purported breach by Defendant.

## NINTH AFFIRMATIVE DEFENSE

### Proximate Cause

9.      Each cause of action alleged in the FAC and the elements of relief sought therein are barred, in whole or in part, because Plaintiff's alleged injuries and damages were not legally or proximately caused by any acts or omissions by Defendant.

## TENTH AFFIRMATIVE DEFENSE

### Comparative Fault/Contribution

10.     Each cause of action alleged in the FAC and the elements of relief sought therein are barred, in whole or in part, because Plaintiff's alleged injuries and damages were not legally or proximately caused by any acts or omissions by Defendant and/or were caused, if at all, by the conduct of Plaintiff, or others. Defendant's liability to Plaintiff, to the extent any liability exists, is either precluded in its entirety or reduced based on the liability of others.

## ELEVENTH AFFIRMATIVE DEFENSE

### Independent, Intervening, or Superseding Cause / No Right to Control

11.     The losses, injuries, and damages, if any, incurred by Plaintiff are the result of superseding or intervening causes arising from acts or omissions of persons or entities that Defendant neither controlled nor had the right to control, and those losses, injuries, or damages were not directly, legally, or proximately caused by any alleged act, omission, or other conduct, service, or product of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### No Exemplary or Punitive Damages

12.     Plaintiff is precluded from recovering exemplary or punitive damages from the Defendants under the applicable provisions of the law, including without limitation, California Civil Code § 3294, the United States, and/or the California Constitution.

ANSWER AND AFFIRMATIVE DEFENSES TO
PRAY, INC.'S FIRST AMENDED COMPLAINT

Case No. 2:23-cv-10660-SB-JC

## THIRTEENTH AFFIRMATIVE DEFENSE

### Speculative and Uncertain Damages

13.    The FAC, and each and every purported cause of action contained therein, are barred because the alleged damages, if any, are speculative and uncertain.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Good Faith

14.    Plaintiff's claims are barred, in whole or in part, because Defendant at all times acted in good faith and consistent with reasonable care.

## FIFTEENTH AFFIRMATIVE DEFENSE

### No Attorneys' Fees and Costs

15.    Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award attorneys' fees or costs to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Plaintiff's Responsibility

16.    Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff suffered any compensable damages, Plaintiff's own actions and/or omissions and/or failure to mitigate caused, contributed, or resulted in the damages of which Plaintiff complains.  Recovery against Defendant, if any, must be reduced or precluded because of Plaintiff's own actions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

17.    Plaintiff's claims are barred to the extent Plaintiff has acted unreasonably in failing to mitigate alleged damages, if any, against Defendant, and therefore, any such damages must be reduced or eliminated in accordance with the degree to which any such damages could have been mitigated by reasonable effort.

ANSWER AND AFFIRMATIVE DEFENSES TO PRAY, INC.'S FIRST AMENDED COMPLAINT

Case No. 2:23-cv-10660-SB-JC

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Unjust Enrichment

18.    The FAC, and each and every purported cause of action contained therein, is barred, in whole or in part, because any award to Plaintiff in this action would constitute unjust enrichment.

## NINETEENTH AFFIRMATIVE DEFENSE

### Unclean Hands

19.    The FAC, and each and every purported cause of action contained therein is barred, in whole or in part, by the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

### Waiver

20.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff waived any right to assert the claims in the FAC.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Reservation of Defenses

21.    Defendant has insufficient knowledge or information at this time upon which to form a belief as to whether he may have additional, and as yet unstated, affirmative defenses available, and Defendant reserves the right to assert such additional defenses in the event discovery, investigation or analysis indicates they are proper.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

A.    That Plaintiff take nothing by reason of the FAC;

B.    That the FAC be dismissed upon the merits and with prejudice;

C.    That Defendant be awarded the costs of suit incurred herein, including reasonable attorney fees as appropriate; and

D.    That Defendant be awarded such additional and further relief as the Court deems just and proper.

ANSWER AND AFFIRMATIVE DEFENSES TO
PRAY, INC.'S FIRST AMENDED COMPLAINT

Case No. 2:23-cv-10660-SB-JC

DATED: June 24, 2024                    Respectfully submitted,

                                        **BOIES SCHILLER FLEXNER LLP**

                                        */s/ Melissa K. Zonne*
                                        Melissa K. Zonne (CA Bar No. 301581)
                                        mzonne@bsfllp.com
                                        M. Logan Wright (CA Bar No. 349004)
                                        mwright@bsfllp.com
                                        2029 Century Park East, Suite 1520
                                        Los Angeles, CA, 90067
                                        Telephone: (213) 629-9040
                                        Facsimile: (213) 629-9022

                                        Jesse Panuccio (*pro hac vice*)
                                        jpanuccio@bsfllp.com
                                        401 East Olas Blvd., Suite 1200
                                        Fort Lauderdale, FL, 33301
                                        Telephone: (954) 356-0011
                                        Facsimile: (954) 356-0022

## DEMAND FOR JURY TRIAL

Silvera hereby demands a trial by jury on all claims so triable.

Dated:  June 24, 2024                   BOIES SCHILER FLEXNER LLP


                                        By: */s/ Melissa K. Zonne*
                                            Jesse M. Panuccio
                                            Melissa K. Zonne
                                            M. Logan Wright

                                            Attorneys for Defendant
                                            Evelio Silvera