1    Valerie M. Goo (State Bar No. 187334)
     VGoo@crowell.com
2    Kenneth R. Taketa (State Bar No. 320365)
     KTaketa@crowell.com
3    CROWELL & MORING LLP
     515 South Flower Street, 40th Floor
4    Los Angeles, CA 90071
     Telephone:  213.622.4750
5    Facsimile:   213.622.2690

6    Attorneys for Defendant Brandon Harvath

7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   PRAY, INC., a Delaware corporation, | Case No. 2:23-cv-10660-SB (JCx) |
| 12              Plaintiff, | Hon. Stanley Blumenfeld, Jr. |
| 13       v. | **BRANDON HARVATH'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| 14   CHRISTIAN CARE MINISTRY, INC., d/b/a/ MEDI-SHARE, a Delaware corporation; BRANDON HARVATH, an individual; and EVELIO SILVERA, an individual, | |
| 15 | Courtroom: 6C |
| 16              Defendants. | Trial Date:  December 9, 2024 |
| 17 | Action Filed: December 20, 2023 |
| 18 | FAC Filed: April 19, 2024 |

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-607322343.9

Brandon Harvath ("Defendant" or "Harvath") hereby answers the Plaintiff Pray, Inc.'s ("Plaintiff" or "Pray") First Amended Complaint ("FAC"). *See* FAC, ECF No. 68. Defendant pleads as follows, with the numbered paragraphs corresponding to the paragraph numbers in the FAC. Defendant's responses are made without waiving, and expressly reserving, all rights and defenses Defendant has to some or all of the claims asserted in the FAC. Except as expressly admitted herein, each and every allegation in the FAC is denied, including any and all allegations that may be implied or inferred from the headings and/or unnumbered paragraphs in the FAC.

1.      Harvath admits he is the former CEO of Defendant Christian Care Ministry, Inc. ("CCM") and that Pray has brought this case against Harvath, CCM and Defendant Evelio Silvera. Harvath denies the remaining allegations in this paragraph.

2.      Denied.

3.      The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath admits CCM is a faith-based non-profit that administers a healthcare sharing ministry program. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

4.      The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath admits that CCM and Pray discussed certain business opportunities. Harvath denies the remaining allegations in this Paragraph.

5.      Denied.

6.      Denied.

7.      Harvath is informed and believes that CCM and Pray executed a Simple Agreement for Future Equity (SAFE). The document speaks for itself, and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

1    Harvath denies any characterization inconsistent with the document. Harvath denies
2    the remaining allegations in this paragraph.

3        8.    Denied.

4        9.    Denied.

5        10.    Harvath is informed and believes that CCM and Pray executed a
6    Strategic Marketing and Support Agreement ("SMSA") dated May 6, 2022. The
7    SMSA speaks for itself, and Harvath denies any characterization inconsistent with
8    the document. Harvath denies the remaining allegations in this paragraph.

9        11.    Harvath responds that the SMSA speaks for itself, and Harvath denies
10    any characterization inconsistent with the document. Harvath denies the remaining
11    allegations in this paragraph.

12        12.    Harvath admits he had at least one in-person meeting with Pray in
13    California and he participated in a limited number of videoconferences with Pray
14    from outside California. Harvath lacks knowledge or information sufficient to form
15    a belief as to the truth of the remaining allegations, and on that basis denies each
16    and every one of the remaining allegations made in this paragraph.

17        13.    Denied.

18        14.    Denied.

19        15.    Denied.

20        16.    Denied.

21        17.    Denied.

22        18.    Harvath admits he participated in a meeting between Pray and CCM in
23    August 2023. Harvath further admits that CCM inquired about CCM receiving a
24    seat on Pray's board as part of a substantial investment in Pray by CCM. Harvath
25    denies the remaining allegations in this paragraph.

26        19.    Denied.

27        20.    Denied.

28        21.    Denied.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

22.     Harvath admits that AACC had an industry conference in September 2023. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Potter, AACC and Allison, and on that basis denies each and every allegation regarding Potter, AACC and Allison. Harvath denies the remaining allegations in this paragraph.

23.     Denied.

24.     Harvath admits that, at the 2023 Know Hope World Conference, he and Tim Clinton made an announcement. Harvath further admits that Plaintiff has brought this action against CCM, Harvath and Silvera. Harvath denies the remaining allegations in this paragraph.

25.     The allegations in this paragraph are not directed at Harvath so no response is required.

26.     The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath admits that to his knowledge CCM's principal place of business is in Florida. Harvath denies the remaining allegations in this paragraph.

27.     Admitted.

28.     The allegations in this paragraph are not directed at Harvath so no response is required.

## SUBJECT MATTER JURISDICTION AND VENUE

29.     The allegations in this paragraph consists of legal argument and conclusion, which do not require a response. To the extent a response is deemed required Harvath denies he has violated any law.

30.     The allegations in this paragraph consists of legal argument and conclusion, which do not require a response.

31.     The allegations in this paragraph consists of legal argument and conclusion, which do not require a response.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

**PERSONAL JURISDICTION**

32.     Denied.

33.     Harvath admits he had at least one in person meeting with Pray in California, that he participated in a limited number of videoconferences with Pray from outside of California and he had a limited number of emails with Pray personnel. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

34.     Harvath admits that he met with Pray in California in April 2022. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

35.     Harvath admits he participated in a limited number of videoconferences with Pray from outside California. The remaining allegations in this paragraph consists of legal argument and conclusion, which do not require a response. To the extent a response is deemed required Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

36.     Harvath admits he participated in a limited number of videoconferences with Pray from outside California. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

37.     Harvath admits he participated in a limited number of videoconferences with Pray from outside California. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations,

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

and on that basis denies each and every one of the remaining allegations made in this paragraph.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    The allegations in this paragraph consists of legal argument and conclusion, which do not require a response. To the extent a response is deemed required, the SMSA speaks for itself and Harvath denies any characterization inconsistent with the SMSA.

## **FACTUAL ALLEGATIONS**

44.    Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

45.    Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

46.    Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

47.    Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

48.    Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

49.     Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

50.     Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

51.     Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

52.     Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

53.     Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

54.     Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

55.     Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

56.     Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

57.     Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

58.    Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

59.    Harvath lacks knowledge or information sufficient to form a belief as to when Pray began working on Pray Health or Pray's intentions and on that basis denies each and every one of the allegations about Pray. Harvath denies the remaining allegations in this paragraph.

60.    Harvath lacks knowledge or information sufficient to form a belief as to Pray and Pray's customers, and on that basis denies each and every one of the allegations about Pray and Pray's customers. Harvath denies the remaining allegations in this paragraph.

61.    Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

62.    Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Harvath denies that Pray has identified any cognizable trade secret or proprietary information in this paragraph. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

68.    Harvath denies that Pray has identified any cognizable trade secret or proprietary information in this paragraph. Harvath lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

69. Harvath denies that Pray has identified any cognizable trade secret or proprietary information in this paragraph. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

70. Denied.

71. Harvath denies that Pray has identified any cognizable trade secret or proprietary information in this paragraph and denies that there had never been any faith-based solutions for mental health challenges. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

72. Harvath denies that Pray has identified any cognizable trade secret or proprietary information in this paragraph. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

73. Harvath denies that Pray has identified any cognizable trade secret or proprietary information in this paragraph. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

74. Harvath denies that Pray has identified any cognizable trade secret or proprietary information in this paragraph. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

1    basis denies each and every one of the remaining allegations made in this

2    paragraph.

3         75.    Harvath denies that Pray has identified any cognizable trade secret or

4    proprietary information in this paragraph. Harvath lacks knowledge or information

5    sufficient to form a belief as to the truth of the remaining allegations, and on that

6    basis denies each and every one of the remaining allegations made in this

7    paragraph.

8         76.    Denied.

9         77.    Denied.

10        78.    Denied

11        79.    Denied.

12        80.    Denied.

13        81.    Denied.

14        82.    Denied.

15        83.    Denied.

16        84.    Harvath denies that Pray has identified any cognizable trade secret or

17   proprietary information. Harvath lacks knowledge or information sufficient to form

18   a belief as to the truth of the remaining allegations, and on that basis denies each

19   and every one of the remaining allegations made in this paragraph.

20        85.    Harvath denies that Pray has identified any cognizable trade secret or

21   proprietary information. Harvath lacks knowledge or information sufficient to form

22   a belief as to the truth of the remaining allegations, and on that basis denies each

23   and every one of the remaining allegations made in this paragraph.

24        86.    Harvath denies that Pray has identified any cognizable trade secret or

25   proprietary information in this paragraph. Harvath lacks knowledge or information

26   sufficient to form a belief as to the truth of the remaining allegations, and on that

27   basis denies each and every one of the remaining allegations made in this

28   paragraph.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

87.     Harvath denies that Pray has identified any cognizable trade secret or proprietary information in this paragraph. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

88.     Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

89.     Harvath admits that CCM is a faith-based non-profit that administers a healthcare sharing ministry program, wherein like-minded members of the Christian faith community voluntarily share in each other's medical expenses. Harvath denies the remaining allegations in this paragraph.

90.     Harvath admits that CCM and Pray discussed certain business opportunities. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

91.     Harvath admits he was CCM's Chief Operating Officer and Chief Executive Officer and that Silvera was CCM's Vice President of Communications & Government Affairs. Harvath denies the remaining allegations in this paragraph.

92.     Harvath admits that to his knowledge CCM and Pray signed a confidentiality agreement. Harvath denies the remaining allegations in this paragraph.

93.     Denied.

94.     Denied.

95.     The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath admits that CCM and Pray discussed certain business opportunities. Harvath denies the remaining allegations in this paragraph.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-607322343.9

96.   Denied.

97.   Denied.

98.   Denied.

99.   Denied.

100.   The allegations in this paragraph consists of legal argument and conclusion, which do not require a response. To the extent a response is deemed required Harvath denies the allegations in this paragraph.

101.   The allegations in this paragraph consists of legal argument and conclusion, which do not require a response. To the extent a response is deemed required Harvath denies the allegations in this paragraph.

102.   Denied.

103.   Denied.

104.   Harvath responds that the SMSA is a document that speaks for itself and Harvath denies any characterization inconsistent with the document.

105.   Harvath responds that the SMSA is a document that speaks for itself and Harvath denies any characterization inconsistent with the document.

106.   Harvath responds that the SMSA is a document that speaks for itself and Harvath denies any characterization inconsistent with the document.

107.   Harvath responds that the SMSA is a document that speaks for itself and Harvath denies any characterization inconsistent with the document.

108.   Harvath responds that the SMSA is a document that speaks for itself and Harvath denies any characterization inconsistent with the document.

109.   Harvath responds that the SMSA is a document that speaks for itself and Harvath denies any characterization inconsistent with the document.

110.   Harvath admits that to his knowledge CCM and Pray executed a Simple Agreement for Future Equity (SAFE) which speaks for itself and Harvath denies any characterization inconsistent with document. Harvath denies the remaining allegations in this paragraph.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

111. Denied.

112. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the SMSA speaks for itself and Harvath denies any characterization inconsistent with the document.

113. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the SMSA speaks for itself and Harvath denies any characterization inconsistent with the document.

114. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the SMSA speaks for itself and Harvath denies any characterization inconsistent with the document.

115. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

116. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the documents cited in this paragraph speak for themselves, to the extent they exist, and Harvath denies any characterization inconsistent with the document. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

117. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the documents cited in this paragraph speak for themselves, to the extent they exist, and Harvath denies any characterization inconsistent with the document. Harvath lacks knowledge or information sufficient to form a belief as to the truth of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-                          BRANDON HARVATH'S ANSWER TO FAC;
                             CASE NO. 2:23-CV-10660-SB (JCX)
LAACTIVE-607322343.9

the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

118.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the documents cited in this paragraph speak for themselves, to the extent they exist, and Harvath denies any characterization inconsistent with the document. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

119.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the documents cited in this paragraph speak for themselves, to the extent they exist, and Harvath denies any characterization inconsistent with the document. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

120.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the documents cited in this paragraph speak for themselves, to the extent they exist, and Harvath denies any characterization inconsistent with the document. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

121.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the documents cited in this paragraph speak for themselves, to the extent they exist, and Harvath denies any characterization inconsistent with the document. Harvath lacks knowledge or information sufficient to form a belief as to the truth of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

122.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the documents cited in this paragraph speak for themselves, to the extent they exist, and Harvath denies any characterization inconsistent with the document. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

123.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the documents cited in this paragraph speak for themselves, to the extent they exist, and Harvath denies any characterization inconsistent with the document. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

124.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the documents cited in this paragraph speak for themselves, to the extent they exist, and Harvath denies any characterization inconsistent with the document. Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

125.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the documents cited in this paragraph speak for themselves, to the extent they exist, and Harvath denies any characterization inconsistent with the document. Harvath denies the remaining allegations in this paragraph.

126. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the documents cited in this paragraph speak for themselves, to the extent they exist, and Harvath denies any characterization inconsistent with the document. Harvath denies the remaining allegations in this paragraph.

127. Harvath admits that Pray offered advisory shares. Harvath denies the remaining allegations in this paragraph.

128. Denied.

129. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

130. Denied.

131. Denied.

132. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

133. Denied.

134. Denied.

135. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

136. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

137.   Denied.

138.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

139.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

140.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

141.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

142.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-607322343.9

143.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

144.   Denied.

145.   Harvath admits he was CCM's Chief Executive Officer and that Pray gave a presentation to CCM in August 2023. Harvath denies the remaining allegations in this Paragraph.

146.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

147.   Harvath responds that any email he sent to Potter speaks for itself and denies any characterization inconsistent with the document. Harvath denies the remaining allegations in this paragraph.

148.   Harvath admits Pray gave a presentation to CCM in August 2023. Harvath denies the remaining allegations in this paragraph.

149.   The document referred to in this paragraph speaks for itself and Harvath denies any characterization inconsistent with the document. Harvath denies the remaining allegations in this paragraph.

150.   The document referred to in this paragraph speaks for itself and Harvath denies any characterization inconsistent with the document. Harvath denies the remaining allegations in this paragraph.

151.   The document referred to in this paragraph speaks for itself and Harvath denies any characterization inconsistent with the document. Harvath denies the remaining allegations in this paragraph.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-17-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

152.   Harvath admits that CCM and Pray discussed CCM acquiring a seat on Pray's board of directors if CCM were to make a further investment in Pray. Harvath denies the remaining allegations.

153.   Denied.

154.   Harvath admits that CCM and Pray discussed CCM acquiring a seat on Pray's board of directors if CCM were to make a further investment in Pray. Harvath denies the remaining allegations.

155.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies each and every one of the allegations made in this paragraph.

156.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies each and every one of the allegations made in this paragraph.

157.   Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

158.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

159.   Harvath admits AACC had an industry conference in September 2023. Harvath denies receiving any of Pray's purported trade secrets and denies sharing any of Pray's purported trade secrets. The remaining allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-18-                   BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   The allegations in this paragraph consists of legal argument and conclusion, which do not require a response. To the extent a response is deemed required the allegations are denied.

169.   To the extent the allegations in this paragraph consist of legal argument and conclusion, which do not require a response, to the extent a response is deemed required the allegations are denied. Harvath denies the remaining allegations in this paragraph.

170.   Denied.

171.   Denied.

172.   Harvath admits that, at the 2023 Know Hope World Conference, he and Tim Clinton made an announcement. Harvath denies the remaining allegations in this paragraph.

173.   Harvath admits that he gave a speech at the 2023 Know Hope World Conference. Harvath denies the remaining allegations of this paragraph.

174.   Harvath admits that he gave a speech at the 2023 Know Hope World Conference. Harvath denies the remaining allegations of this paragraph.

175.   Denied.

176.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-607322343.9

-19-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

177.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations.

178.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations.

179.   Harvath admits he encountered Potter at the conference. Harvath denies the remaining allegations in this paragraph.

180.   Harvath admits he encountered Potter at the conference. Harvath denies the remaining allegations in this paragraph.

181.   Harvath admits he encountered Potter at the conference. Harvath denies the remaining allegations in this paragraph.

182.   Harvath admits he is no longer employed by CCM. Harvath denies the remaining allegations in this paragraph.

183.   Denied.

184.   Harvath admits that, at the 2023 Know Hope World Conference, he and Tim Clinton made an announcement. The remaining allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies each and every one of the remaining allegations made in this paragraph.

185.   Denied.

186.   Harvath responds that the SMSA speaks for itself, and Harvath denies any characterization inconsistent with the document. Harvath denies the remaining allegations in this paragraph.

/ / /

/ / /

/ / /

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-20-

LAACTIVE-607322343.9

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

**FIRST CAUSE OF ACTION**

**Breach of Contract**

**(Against Defendant CCM)**

187.   Harvath incorporates by reference the preceding paragraphs as though such paragraphs were fully stated herein.

188.   The allegations in this paragraph, and Pray's First Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

189.   The allegations in this paragraph, and Pray's First Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

190.   The allegations in this paragraph, and Pray's First Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

191.   The allegations in this paragraph, and Pray's First Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

192.   The allegations in this paragraph, and Pray's First Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

193.   The allegations in this paragraph, and Pray's First Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

194.   The allegations in this paragraph, and Pray's First Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

/ / /

/ / /

195.   The allegations in this paragraph, and Pray's First Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

196.   The allegations in this paragraph, and Pray's First Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

197.   The allegations in this paragraph, and Pray's First Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

198.   The allegations in this paragraph, and Pray's First Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION

### Breach of the Implied Covenant of Good-Faith and Fair Dealing

### (Against Defendant CCM)

199.   Harvath incorporates by reference the preceding paragraphs as though such paragraphs were fully stated herein.

200.   The allegations in this paragraph, and Pray's Second Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

201.   The allegations in this paragraph, and Pray's Second Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

202.   The allegations in this paragraph, and Pray's Second Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

/ / /

/ / /

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-22-

LAACTIVE-607322343.9

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

203.   The allegations in this paragraph, and Pray's Second Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

204.   The allegations in this paragraph, and Pray's Second Cause of Action, are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

205.   The allegations in this paragraph, and Pray's Second Cause of Action, are not directed at Harvath so no response is required.

## THIRD CAUSE OF ACTION

### Violation of the Defend Trade Secrets Act (DTSA)

### (Against all Defendants)

206.   Harvath incorporates by reference the preceding paragraphs as though such paragraphs were fully stated herein.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Denied.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Harvath admits that he was acting in the scope of his employment with respect to Pray's allegations against him. Harvath denies the remaining allegations in this paragraph.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-23-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

220.   The allegations in this paragraph consists of legal argument and conclusion, which do not require a response.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

## FOURTH CAUSE OF ACTION

### Concealment

### (Against All Defendants)

225.   Harvath incorporates by reference the preceding paragraphs as though such paragraphs were fully stated herein.

226.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath responds that the SMSA and any documents cited in this paragraph speak for themselves, and Harvath denies any characterization inconsistent with the document. Harvath denies the remaining allegations in this paragraph.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Harvath admits that he met with Pray in California on at least one occasion and he participated in a limited number of videoconferences with Pray from outside California. Harvath denies the remaining allegations in this paragraph.

231.   The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-24-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

232. The allegations in this paragraph are not directed at Harvath so no response is required. To the extent a response is deemed required, Harvath lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of the allegations made in this paragraph.

233. Denied.

234. Denied.

235. Denied.

236. Denied.

237. Denied.

## FIFTH CAUSE OF ACTION

### Intentional Misrepresentation

### (Against All Defendants)

238. Harvath incorporates by reference the preceding paragraphs as though such paragraphs were fully stated herein.

239. Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

240. Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

241. Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

242.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

243.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

244.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

245.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

246.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

247.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

248.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-607322343.9

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

249.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

250.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

251.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

252.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

253.   Plaintiff's claim for intentional misrepresentation against Harvath was dismissed by the District Court (*see* Dkt. No. 88), so no response is required. To the extent a response is deemed required, Harvath denies the allegations in this paragraph.

## **PRAYER FOR RELIEF**

Harvath admits that Pray seeks the relief described in the Prayer for Relief. Harvath denies that Pray is entitled to any of the relief described therein, or to any other form of relief by way of this action.

## **AFFIRMATIVE DEFENSES**

Without admitting any facts alleged by Plaintiff, Defendant asserts the following separate and affirmative defenses to the FAC. By pleading the following defenses, Defendant does not concede that he bears the burden of proof on any

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-607322343.9

-27-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

issue raised through the pleadings. Defendant reserves the right to amend his Answer to add additional Affirmative Defenses consistent with the facts discovered in the case.

### FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Cause of Action]

1.     The FAC, and each and every purported cause of action contained therein, fails to allege facts sufficient to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### [Failure to Identify Trade Secret with Reasonable Particularity]

2.     Defendant expressly denies that Plaintiff has identified any trade secret, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole or in part, because Plaintiff has not identified any alleged trade secrets with reasonable particularity.

### THIRD AFFIRMATIVE DEFENSE

### [No Trade Secrets/Information Readily Ascertainable by Other Means]

3.     Defendant expressly denies that Plaintiff has identified any trade secret, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole or in part, because the information purported to constitute Pray's "trade secrets" are not trade secrets because, among other things, they are readily ascertainable by proper means.

### FOURTH AFFIRMATIVE DEFENSE

### [Information Independently Developed]

4.     Defendant expressly denies that Plaintiff has identified any trade secret, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-607322343.9

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

or in part, because the information purported to constitute Plaintiff's "trade secrets" were independently developed by Defendant or a person other than Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### [Lack of Ownership Rights]

5.     Defendant expressly denies that Plaintiff has identified any trade secrets, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole or in part, because Plaintiff does not own the alleged trade secrets.

## SIXTH AFFIRMATIVE DEFENSE

### [Inadequate Protection of Information]

6.     Defendant expressly denies that Plaintiff has identified any trade secrets, but to the extent Plaintiff has identified any trade secrets, Plaintiff's purported cause of action for misappropriation of trade secrets is barred, in whole or in part, because Plaintiff did not make reasonable efforts to protect or maintain the secrecy of the information.

## SEVENTH AFFIRMATIVE DEFENSE

### [No Injury-In-Fact]

7.     Each cause of action alleged in the FAC and the elements of relief sought therein are barred, in whole or in part, because Plaintiff has not suffered injury in fact from the conduct described in the FAC.

## EIGHTH AFFIRMATIVE DEFENSE

### [Waiver]

8.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff waived any right to assert the claims in the FAC.

/ / /

/ / /

/ / /

/ / /

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-607322343.9

-29-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

## NINTH AFFIRMATIVE DEFENSE

### [No Causation for Alleged Loss]

9.     Plaintiff's claims are barred, in whole or in part, because if any loss was suffered by Plaintiff which is expressly denied, that loss did not result from any purported wrongdoing by Defendant.

## TENTH AFFIRMATIVE DEFENSE

### [Proximate Cause]

10.     Each cause of action alleged in the FAC and the elements of relief sought therein are barred, in whole or in part, because Plaintiff's alleged injuries and damages were not legally or proximately caused by any acts or omissions by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Comparative Fault/Contribution]

11.     Each cause of action alleged in the FAC and the elements of relief sought therein are barred, in whole or in part, because Plaintiff's alleged injuries and damages were not legally or proximately caused by any acts or omissions by Defendant and/or were caused, if at all, by the conduct of Plaintiff, or others. Defendant's liability to Plaintiff, to the extent any liability exists, is either precluded in its entirety or reduced based on the liability of others.

## TWELFTH AFFIRMATIVE DEFENSE

### [Independent, Intervening, or Superseding Cause / No Right to Control]

12.     The losses, injuries, and damages, if any, incurred by Plaintiff are the result of superseding or intervening causes arising from acts or omissions of persons or entities that Defendant neither controlled nor had the right to control, and those losses, injuries, or damages were not directly, legally, or proximately caused by any alleged act, omission, or other conduct, service, or product of Defendant.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

## THIRTEENTH AFFIRMATIVE DEFENSE

### [No Exemplary or Punitive Damages]

13.     Plaintiff is precluded from recovering exemplary or punitive damages from the Defendants under the applicable provisions of the law, including without limitation, California Civil Code § 3294, the Defend Trade Secrets Act, the United States, and/or the California Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Speculative and Uncertain Damages]

14.     The FAC, and each and every purported cause of action contained therein, are barred because the alleged damages, if any, are speculative and uncertain.

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Good Faith]

15.     Plaintiff's claims are barred, in whole or in part, because Defendant at all times acted in good faith and consistent with reasonable care.

## SIXTEENTH AFFIRMATIVE DEFENSE

### [No Attorneys' Fees and Costs]

16.     Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award attorneys' fees or costs to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate]

17.     Plaintiff's claims are barred to the extent Plaintiff has acted unreasonably in failing to mitigate alleged damages, if any, against Defendant, and therefore, any such damages must be reduced or eliminated in accordance with the degree to which any such damages could have been mitigated by reasonable effort.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-31-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

18.     The FAC, and each and every purported cause of action contained therein is barred, in whole or in part, by the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

### [Unjust Enrichment]

19.     The FAC, and each and every purported cause of action contained therein, is barred, in whole or in part, because any award to Plaintiff in this action would constitute unjust enrichment.

## TWENTIETH AFFIRMATIVE DEFENSE

### [Reservation of Defenses]

20.     Defendant has insufficient knowledge or information at this time upon which to form a belief as to whether he may have additional, and as yet unstated, affirmative defenses available, and Defendant reserves the right to assert such additional defenses in the event discovery, investigation or analysis indicates they are proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-32-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

LAACTIVE-607322343.9

1

### **PRAYER FOR RELIEF**

2   WHEREFORE, Defendant prays as follows:

3   A.   That Plaintiff take nothing by reason of the FAC;

4   B.   That the FAC be dismissed upon the merits and with prejudice;

5   C.   That Defendant be awarded the costs of suit incurred herein,

6        including reasonable attorney fees as appropriate; and

7   D.   That Defendant be awarded such additional and further relief as the

8        Court deems just and proper.

9

Dated:  June 24, 2024                    CROWELL & MORING LLP

10

11

                                    By: */s/ Kenneth R. Taketa*
12                                      Valerie M. Goo
                                        Kenneth R. Taketa
13                                      Attorneys for Defendant
                                        Brandon Harvath
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-607322343.9

-33-

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)

## **DEMAND FOR JURY TRIAL**

Harvath hereby demands a trial by jury on all claims so triable.

Dated:  June 24, 2024                                    CROWELL & MORING LLP


By: */s/ Kenneth R. Taketa*
Valerie M. Goo
Kenneth R. Taketa
Attorneys for Defendant
Brandon Harvath

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-607322343.9

BRANDON HARVATH'S ANSWER TO FAC;
CASE NO. 2:23-CV-10660-SB (JCX)